Adam A. Muhleisen and the General Insurance Company of America, his subrogee, seek to recover from the defendant, Eberhardt, the sum of $154.70 for the damage sustained by Muhleisen's automobile in a collision with a truck belonging to defendant. Muhleisen sues for $50 of the total damages sustained by the car and the insurance company claims the balance of $104.70 under a conventional subrogation given to it by Muhleisen under a policy issued to him which contained a $50 deductible clause.
Plaintiffs allege that, on January 1st, 1943, the Muhleisen car was being driven by John Paul Muhleisen, son of the owner, upon the upper roadway of South Carrollton Avenue in the direction of the Mississippi river; that, after the automobile had crossed the intersection of Colapissa Street, it was required to come to a full stop in the roadway due to a congestion of traffic directly in front of it; that, while the car was thus stopped, it was run into from the rear by a truck owned by defendant and operated by his employee, and that, as a result, the Muhleisen car was damaged to the extent of $154.70 as shown from an itemized statement of the cost of the necessary repairs, attached to and made part of the petition.
The defendant admits the happening of the accident but denies that it occurred in the manner alleged by plaintiffs. He avers that his employee was driving his truck on South Carrollton Avenue at a reasonable rate of speed; that, when the truck was being driven over the railroad tracks which cross South Carrollton Avenue at Colapissa Street, the Muhleisen car passed it on its right side, in violation of the traffic ordinance of New Orleans, suddenly swerved to the left directly in front of the truck and, within a space of 50 feet, came to a full stop and that, in the emergency thus created by the operator of the Muhleisen car, the driver of his truck was unable to avoid the accident. Defendant further pleaded in the alternative the contributory negligence of the driver of the Muhleisen car.
After hearing evidence on the foregoing issue, the trial court gave judgment in favor of plaintiffs as prayed for. Defendant has appealed.
[1] It will be seen from the statement of the pleadings in the case that the main question presented to us for determination is one of fact and, since the defendant admits that his truck ran into the rear of the Muhleisen car in broad daylight while it was stopped upon the roadway, the burden of proof was upon him to show that his driver was free from fault. See Loprestie v. Roy Motors, 191 La. 239, 185 So. 11, and Overstreet v. Ober, 14 La. App. 633, 130 So. 648.
The only two eye witnesses to the collision testifying in the lower court were Randolph Graham, the colored driver of defendant's truck, and John Paul Muhleisen, the driver of the automobile.
Young Muhleisen, who is a medical student at Tulane University, stated, in substance, that he was driving his father's automobile on. South Carrollton Avenue; that he was accompanied by a young lady, whom he was escorting to the Sugar Bowl game which was held at Tulane Stadium on New Year's Day; that he was operating the car at a normal rate of speed; that he passed the truck of defendant at the corner of South Carrollton and Washington Avenues; that, when he reached the intersection of Colapissa Street, some five or six blocks away, he was required to stop due to the fact that there was a long line of *Page 237 
traffic ahead of him which was congested on the roadway and that, while thus stopped on the neutral ground side of the roadway waiting for the traffic to proceed, the defendant's truck crashed into the rear of his car, causing it to strike the front of the automobile ahead of it and resulting in the damages claimed by plaintiffs.
Graham, defendant's truck driver, testifies that he was travelling along South Carrollton Avenue at a speed of about 25 miles per hour; that, as he reached and was going over the railroad tracks which cross South Carrollton Avenue at Colapissa Street, the Muhleisen car passed him on the right; that, as soon as the car passed him, it swerved to the left side of the street directly into his path of travel and came to a sudden stop and that he was unable, because of the sudden and unusual movement of the automobile, to avoid striking it in the rear. He further states that he does not know why the driver of the Muhleisen car came to a sudden stop as there was no traffic whatever in front of him.
[2] In view of the highly conflicting evidence given by the participants to the collision, the judge of the lower court was faced with the necessity of determining which one of the statements was credible. It is apparent, from the result reached, that the judge believed young Muhleisen and, after a careful reading of the record, we think that his appraisal of the evidence is correct. And this, despite certain critical remarks directed at the credibility of the young man's testimony by counsel for defendant. On the other hand, we are not favorably impressed with the statement given by defendant's truck driver. He says that there was no reason whatever for young Muhleisen to stop his car in the middle of the roadway of South Carrollton Avenue as there was no traffic at all preceding him. It seems to us that Muhleisen's statement that he was required to stop due to the traffic congestion in the roadway is not only more plausible but that it gives a true picture of the conditions obtaining at the time of the mishap.
[3, 4] Counsel for defendant further takes plaintiffs to task for their failure to produce the young lady, who was riding with Muhleisen at the time of the occurrence, and he relies upon the oft applied rule that the failure of a party litigant to produce a material witness raises the presumption that, if the witness had been produced, he would have testified unfavorably to the party's cause. This rule cannot be invoked here for the reason that it is applicable only in cases where the party, whose duty it is to produce the witness, has failed to explain the reason for the absence of the witness. Here, it is shown, by the testimony of young Muhleisen, that he attempted to locate the young lady on several occasions prior to the trial and that his efforts were unsuccessful.
Since we find that the accident occurred substantially in the manner as claimed by plaintiffs, it is unnecessary to consider defendant's plea that young Muhleisen was guilty of contributory negligence. Plaintiffs have also established, by ample evidence, that the Muhleisen automobile was damaged to the extent alleged in their petition.
Counsel for defendant has filed in this court a plea of prescription of one year. This plea is founded on the theory that the petition did not state a cause of action for the reason that the itemized bill for the damages to the Muhleisen car was not annexed to the petition, despite plaintiffs' allegation that it was annexed and made part thereof; that the bill was not actually produced until after one year had elapsed from the date of the accident and that, therefore, plaintiffs' original petition did not state a cause of action because the itemized bill, which was supposed to be annexed to it, shows damages sustained to the front of the Muhleisen car, whereas, the petition does not allege any such damage.
[5, 6] This plea is wholly without merit. In the first place, it is founded on a false premise because the petition clearly shows a cause of action despite the absence of the itemized bill. Defendant's remedy was to have prayed for oyer of the bill. Moreover, the plea of prescription would not be tenable, even though the petition failed to state a cause of action, since it is now firmly established in the jurisprudence that a petition which does not state a cause of action interrupts the running of prescription where it apprises defendant of the nature of plaintiff's demand. See Reeves v. Globe Indemnity Company, 185 La. 42, 168 So. 488.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed. *Page 387