This is a suit by the plaintiff and his insurer (his subrogee) to recover $177 damages done to plaintiff's Packard automobile alleged to have occurred when defendant negligently drove his automobile into the rear of plaintiffs automobile while same was parked on the paved highway between Shreveport and Mansfield, Louisiana. The acting judge of the City Court at Shreveport gave judgment for plaintiffs as prayed for and defendant has appealed.
On the day of the accident, plaintiff's car was one of several engaged in transporting a group of high school students to an outlying town for the purpose of presenting an amateur play. Defendant in his Dodge automobile was also proceeding south following plaintiff's car at a distance of 100 yards when the Packard came to a stop on the right side of the highway. The defendant continued forward. Due to the approach of a truck from the south, he was unable to drive to the left of the parked automobile. He did not succeed in bringing his Dodge to a stop before striking plaintiff's automobile.
The defendant filed no plea of contributory negligence and the question for decision is whether or not defendant was guilty of negligence in not bringing his car under control short of the collision. *Page 878 
The Adam v. English case, La. App., found in 21 So.2d 633, 635, covers a case almost directly in point. We quote from that case in which the defendant was held responsible for the negligence of his truck driver:
"* * * The record shows that defendant's truck ran into the rear of the Dodge automobile, in broad daylight, while the latter was stopped upon the highway. Under such conditions, the burden of proof was upon defendant to exhibit, by a clear preponderance of evidence, that his employee was free from fault. See Loprestie v. Roy Motors, 191 La. 239, 185 So. 11; Overstreet v. Ober, 14 La. App. 633, 130 So. 648 and Muhleisen v. Eberhardt, La. App., 21 So.2d 235. This, he has failed to do. In fact, the truck driver's evidence shows that he was grossly negligent. He says that he had been following the Dodge automobile for about three miles prior to the collision at a speed of 35 miles per hour; that the driver of the Dodge suddenly brought the car to a stop at a time when the truck was 150 or 200 feet to its rear; that he attempted to pass to the left of the Dodge but was unable to do so due to the presence of another truck which was coming from the opposite direction and that, when he discovered that he would be unable to pass, he swerved to the right and onto the shoulder of the roadway where the tractor connected with his truck became uncoupled and struck the rear of the Dodge car. He further explains that he was unable to stop the truck due to the suddenness of the stop made by the driver of the Dodge and the slippery condition of the highway.
"These explanations of the truck driver furnish no legal excuse for the results of the accident. He was travelling about 200 feet to the rear of the Dodge and, even if it stopped suddenly (which is contrary to the statements of Mrs. Honeycutt and the two other occupants of the Dodge), there is no valid reason why he should not have had his truck under such control so that it could have been brought to an adequate stop short of a collision."
In the case before us the defendant was 300 feet to the rear of the car when it was brought to a stop. He was travelling in a passenger automobile which is easier to bring to a stop than the truck involved in the above quoted from case. There was no obstruction to his view of the oncoming truck which barred his passage to the left. Under these circumstances, he was negligent in not bringing his automobile under control and stopping same before striking plaintiff's car. No plea of contributory negligence was filed and it is not necessary to consider whether the Packard was parked sufficiently to the right side of the right of way.
There was admission by counsel that plaintiff's car was damaged in the amount sued for.
The judgment is affirmed with costs.