GLADNEY, Judge.
This is an action by Southern Farm Bureau Casualty Insurance Company in which it is joined by its insured, Cedric D. Clark, for recovery for repair of damage to Clark’s automobile inflicted in a collision with a vehicle driven by Mrs. W. O. Caldwell. Made defendants herein are W. O. Caldwell, his wife, and the Insurance Company of the State of Pennsylvania, liability insurer of the Caldwell vehicle. The trial of the case resulted in a judgment in favor of plaintiffs and against defendants in accordance with the prayer of the petition. The defendants have appealed.
The suit arises from an automobile collision which occurred about 5:00 o’clock p. m. on November 28, 1957, on State Highway No. 578, about four miles south of Crowville, in Franklin Parish. Clark was driving his automobile south along the highway, followed by the Caldwell car. The highway was surfaced with black top and level and straight for a considerable distance in either direction from the scene of the accident. The weather was clear, the road was dry, and visibility was good. Clark noticed ahead of him a truck facing north, parked on his left side of the highway, and as he approached he observed from a distance of about one hundred yards the truck signaling to him by blinking its lights. Within this distance he brought his car to a stop or almost to a stop near his right side of the road. As he came abreast of the parked truck he heard the skidding of tires behind him just before the Caldwell car crashed into the rear end of his automobile, knocking it from the highway and continuing for a distance of two hundred fifty-eight feet before coming to a stop.
The liability of defendants is based on charges Mrs. Caldwell was traveling at an excessive rate of speed in that she failed *844 to maintain proper control of her vehicle, and further, that she should have timely observed the Clark car coming to a stop and so controlled her automobile as to avoid the resulting collision. Defendants charged Clark with negligence in failing to give a proper signal of his intention to stop, in abruptly stopping and blocking the highway, and by failing to look behind him. It was contended had he done so, he would have observed the dangerous proximity of the Caldwell automobile.
We infer the trial judge found Mrs. Caldwell guilty of actionable negligence due to her speed, and failure to timely observe the condition ahead and bring under control her vehicle when it was possible to avoid the accident.
The evidence adduced at the trial was entirely sufficient to find negligence of Mrs. Caldwell was the proximate cause of the accident. In a written statement signed by Mrs. Caldwell approximately a month after the date of th$ accident, she declared she was following the Clark car at a distance of about one hundred yards while traveling at a rate of speed of from fifty-five, to sixty miles per hour when she observed the tail lights of the lead vehicle come on and she knew it was stopping. She further stated she applied her brakes and skidded into the rear of the car.
Clark testified he was aware of the fact that Mrs. Caldwell was following behind him and had noticed her in this position over a distance of about two miles. He said he was about one hundred yards away from the parked truck when he began his stopping maneuver and had either stopped or almost stopped when his vehicle was struck from the rear by Mrs. Caldwell.
Both witnesses testified that prior to sighting the parked truck they were proceeding at about the same speed, approximately fifty-five miles per hour. It seems clear, therefore, that when Mrs. Caldwell observed the speed of Clark’s automobile being slackened, she had three hundred feet or more within which to bring her vehicle under such control and come to an orderly stop, and had she done so, there would have been no accident. According to Cyclopedia of Automobile Law and Practice by Blashfield, Section 6237, the total dis-tánce required for an automobile to stop when its brakes are in excellent condition if it is traveling at the rate of fifty-five miles per hour, is one hundred ninety-six feet. She, therefore, had ample time and space within which to avoid a collision. The facts as above related, and which we do not think are substantially in dispute, indicate: first, that .the stopping of Clark’s vehicle was not abrupt, but was over a distance of more than' three hundred feet; and second, Mrs. Caldwell, had she been properly observant and timely brought her vehicle under control, had over four hundred feet within which to avoid striking the Clark automobile.
Counsel for appellants earnestly insist Mrs. Caldwell was traveling not one hundred yards, but only fifty yards behind the Clark car. Mrs. Caldwell did testify that she was not a good judge of distance and that accordingly, she may have been in error in stating she was following the Clark car at a distance of one hundred yards. Yet, be this true or not, we are inclined to believe her written statement, for it was carefully considered by Mrs. Caldwell and her husband after it was written and prior to her signing. The record indicates both of the defendants are intelligent people. Mrs. Caldwell’s statement against interest given at a time when the circumstances of the accident were clear in her memory, in our opinion is entitled to more weight than her testimony many months later.
It is argued Mr. Clark was negligent in bringing his automobile to a stop without giving sufficient indication of his intention. Counsel declares that he was negligent under the provisions of LSA-R.S. 32:236, which requires the giving of an audible signal of ■ one’s intention to stop *845 his vehicle. We surmise Mr. Clark might also have been charged with negligence in bringing his vehicle to a stop without leaving a passageway of at least fifteen feet, but we find neither of these actions by the lead driver was a proximate cause of the accident.
We have been referred to a number of authorities to show Clark was guilty of actionable negligence. Most, if not all of the cases cited deal with an abrupt stop or circumstances under which the following car was so close to the lead car that either space or time did not afford the following motorist an opportunity to bring his vehicle under control. The facts disclosed in the instant case, in our opinion, are entirely different from those so decisioned for here we find Mrs. Caldwell did have ample space and time to control her automobile. In Proctor v. Lohman, La.App.1947, 31 So.2d 877, 878, a case decided by this court with certiorari denied by the Supreme Court, the facts are somewhat similar to those involved herein. There plaintiff was being followed by the defendant at a distance of one hundred yards when a vehicle ahead came to a stop on the right side of the highway. Plaintiff brought his Packard automobile to a stop on the right side of the highway, at which time the defendant was following three hundred feet to the rear. Upon approaching plaintiff’s car for the purpose of passing, the defendant observed an oncoming car and was unable to bring his automobile to a stop before striking plaintiff’s automobile. In this case the following quotation was taken from Adam v. English, La.App.1945, 21 So.2d 633, 635:
“ * * * The record shows that defendant’s truck ran into the rear of the Dodge automobile, in broad daylight, while-the latter was stopped upon the highway. Under such conditions, the burden of proof was upon defendant to exhibit, by a clear preponderance of evidence, that his employee was free from fault. See Loprestie v. Roy Motors, 191 La. 239, 185 So. 11; Overstreet v. Ober, 14 La.App. 633, 130 So. 648, and Muhleisen v. Eberhardt, La.App., 21 So.2d 235. * * * ”
It is the inexorable rule of law that the operator of an automobile is held to see that which he should have seen and which, of course, may be seen and observed by the human eye. Iglesias v. Campbell, La.App. 1937, 175 So. 145. Mrs. Caldwell had ample time to observe the maneuver of the Clark automobile and we find she had no reasonable excuse for not bringing her vehicle to a stop before striking the Clark automobile. For this reason we are in agreement with the conclusion of the trial judge.
Although it is argued the doctrine of last clear chance should be applied, we are convinced that it is inapposite for the reason that the negligence of Mrs. Caldwell was the sole .and proximate cause of .the accident. The judgment from which appealed is accordingly affirmed at appellants’ cost.