REGAN, Judge.
Plaintiffs, Welton Pogue, owner of a Ford pick-up truck, and his collision insurer, Emmco Insurance Company, instituted this suit against the defendants, Fidelity and Casualty Company of New York, insurer of Max Constantin, the driver of a Mercury automobile, and Dominick Bertucci and Arthur Wright, owner and operator, respectively, of a dump truck, endeavoring to recover the sum of $254.31, representing property damage incurred by the pick-up truck as a result of a collision involving all three vehicles which occurred on December 6, 1957, on Jefferson Highway near the City of New Orleans. Plaintiff insisted that the proximate cause of the accident was the concurrent negligence of the defendants.
Defendant, Fidelity and Casualty Company of New York, answered and denied any negligence on its insured’s part, asserting that the proximate cause of the accident was the concurrent negligence of the dump truck driver and the pick-up truck driver, and alternatively averred that plaintiff’s contributory negligence barred his recovery.
Defendants Bertucci and Wright answered and generally denied all of the allegations contained in plaintiff’s petition.
From a judgment in favor of plaintiffs and against the defendants, Bertucci and Wright, in the amount prayed for, and dismissing their suit against defendant, Fidelity and Casualty Company of New York, insurer of. Constantin, only the defendants cast have prosecuted this appeal.
The record, as usual in cases of this nature, is embellished with disputations ad infintum. It reflects three versions of the manner in which the accident occurred. All that .the litigants substantially agree upon is the date, time, and place.
On December 6, 1957, at approximately 6 p. m., three vehicles were involved in a collision occurring in the New' Orleans bound roadway of the Jefferson Highway. At the situs of the accident, Jefferson Highway is composed of two roadways, each possessing two lanes, and the *784 thoroughfare is divided by a rather broad neutral ground.
The driver, Arthur Butler, and two passengers were the occupants of plaintiff’s truck when the accident occurred. They testified and all substantially agreed that Butler was driving in the right lane of the New Orleans bound roadway of Jefferson Highway, approximately 25 feet behind defendant’s dump truck traveling in the same lane. When the dump truck neared a roadway intersecting the neutral ground, it unexpectedly turned from the right lane across the left lane and stopped with its front wheels turned partially therein, and the balance of the body of the truck extended into the roadway. Simultaneously, defendant’s insured, Constantin, the operator of the Mercury automobile, who had passed plaintiff’s pick-up truck in the left lane, slammed on his brakes and turned right in an effort to avoid the stopped dump truck; however, his vehicle scraped the right rear thereof and continued on into the right lane, the path in which plaintiff’s vehicle was moving, and struck the left front thereof.
Arthur Wright, the operator of defendant Bertucci’s dump truck, insisted that he was traveling in the left lane of Jefferson Highway for approximately 300 feet before the accident occurred. As he approached the opening intersecting the neutral ground, he slowed and then stopped in the roadway, because at that moment, another vehicle had previously entered and occupied the neutral ground passageway. He was positive that he manifested both a hand and blinker signal to indicate his intention to turn left when he was approximately 100 feet removed from the neutral ground intersection. His version was laboriously corroborated by his employer, Dominick Bertucci, who said he was driving in the right hand lane of Jefferson Highway toward New Orleans and although he was 300 feet behind the dump truck, he was able to observe the occurrence of the accident.
The third version was related by defendant, Fidelity and Casualty Company’s insured, Max Constantin, the operator of the Mercury automobile, who testified that he was moving in the right lane, that the dump truck was driving in the left lane, and that it swerved into the right lane to-avoid colliding with an automobile, which was stopped in the neutral ground area, part of which extended into the left lane of the highway. Constantin stated he was unable to avoid colliding with the dump truck that darted into his lane and that a split second after this collision, his vehicle was hit by the pick-up truck owned by the plaintiff.
In any event, the foregoing résumé of the evidence contained in the record reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof expressed the opinion “ * * * that the collision was caused solely and entirely by the negligence of the defendant, Arthur Wright, (the operator of the dump truck, owned by Dominick Bertucci) in turning left from an improper lane without giving any signals and without regard to the following automobiles,, and finds both plaintiff and the insurer, Fidelity and Casualty Company of New York, without fault because of the suddenness of the turn. * * * ”
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant reversal by us.
We have repeatedly expressed the opinion that a motorist, endeavoring to execute a left turn, must initially ascertain by careful observation that the maneuver can be executed safely.[1]
*785 We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ versions of the manner in which the accident occurred.
The trial judge, in substance, accepted the plaintiff’s version thereof and our analysis of the record convinces us that the evidence preponderates in his favor and the judgment is, therefore, correct.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Thompson v. Ferrara, La.App.1957, 96 So.2d .113; Jackson v. Fischbein, La.App.1957, 92 So.2d 602.