LANDRY, Judge ad hoc.
The appeal in this case was taken by' plaintiff Jess? -D. Sharp from a judgment of the-lower court rendered in-favor of defendant. Travelers Indemnity Company upon the recon ventional-demand of said'de-. fendant urged in response to plaintiff’s, principal demand for damages for personal injuries sustained as the result of a collision, between a pick up truck owned and.being operated-by plaintiff. Sharp and. a Buick automobile ^ owned and being driven by Wilson E. Smith, .insured of. defendant Travelers Indemnity Company.
The accident giving rise to this litigation occurred on Louisiana State Highway Number 25 (also known as the Covington-Franklinton Highway), a- black topped highway eighteen feet in width which, at the site of the accident runs from north to south. The accident occurred as the pick up truck being driven in a southerly direction by 'the plaintiff Sharp was struck by the overtaking Smith automobile as Sharp was in the act of executing a left turn from the 'highway onto a graveled side road which joins Highway ‘25 from the east forming a “T” intersection of' the two roádways. ■
In his initial petition plaintiff Sharp alleges the accident occurred solely because of the negligence of Smith whose derelictions are said to consist of driving at an excessive rate of speed, failure to maintain a proper lookout, failure to have his vehicle under proper control and attempting to pass the pick up truck when it was unsafe to do so.
Defendant Travelers Indemnity Company (hereinafter referred to simply as “Travelers”) filed an answer and recon-ventional demand admitting it was the liability insurer of the Smith vehicle, denying any negligence whatsoever on the part of its assured and alleging the proximate cause of the accident to be the negligence of plaintiff who. is charged with failure to maintain a proper lookout, failure to keep his vehicle tinder proper control, failure to see the overtaking Smith automobile and attempting a left turn when it was unsafe to do so because of the proximity of the overtaking Buick.
. In its reconventional demand Travelers set .forth that the Smith vehicle (valued at $3,450) was a total loss and pursuant to a policy of collision insurance covering, the *835 automobile it paid Smith the sum of $3,400. Plaintiff in reconvention prayed for judgment in its favor in the sum of $3,400 and for and on behalf of its insured Smith in thé further sum of $50 deductible from the loss in conformity with the provisions of the policy in question. A stipulation of record indicates that the claim of plaintiff in recon-vention was reduced to the sum of $3,215 by virtue of the application thereto of the proceeds received from the sale of the Smith vehicle as salvage.
Excepting certain stipulations filed of record, the evidence adduced during the trial of this case consists solely of testimony elicited from plaintiff and certain witnesses called by plaintiff. As defendant and plaintiff in reconvention, Travelers produced no witnesses ■ and rested its case upon the testimony contained in the record at the close of plaintiff’s case.
The testimony consisting of the direct and cross-examination of plaintiff and two other witnesses is very brief. Plaintiff himself testified he was proceeding southerly along the highway and desiring to make a left turn into the side road known as “Million Dollar Road”, gave a left turn hand signal, commenced his turn and was immediately struck by the Smith car. Ao-cording to plaintiff, he looked but did not see the overtaking automobile. He, also testified his automobile was struck on its left front door and fender and went into the ditch on the right side of the highway following the collision. His testimony is devoid of any estimation of speed by either his own vehicle or that of Smith.. He further testified a light rain was falling at the time of the accident.
The second witness, Richard T. Davis, stated he and Walter Hiney were seated in an automobile parked on the Million Dollar Road between 50 and 75 f'eet from the intersection and he saw the Smith car just as it struck the truck. Davis testified he saw Sharps signal but did not' see the overtaking Smith car until just before the actual impact. Following-the collision he went to the scene and found the pick up truck in the ditch on the right side of the highway approximately 75 feet from the point of impact and observed‘the Buick in the- ditch on the left side of the highway at a distance estimated to be 150 feet from the spot where the Collision occurred. Davis likewise gave no estimate of the speed of either vehicle. By stipulation of record, plaintiff concedes that if Walter Hiney were called as a witness he would testify substantially the same as Davis.
Lastly, Floyd F. Collins,. State Trooper, testified he was called to the scene, of. the accident and found the vehicles in substantially the same positions indicated by Davis. He observed no, skid marks by either vehicle and ventured .the opinion that application of brakes would have left no visible skid marks because of the wet condition of the roadway..
Both in oral argument and brief, counsel 'for plaintiff Sharp forcibly contends the lower.court erred in two respects: (1) In rendering judgment against plaintiff on defendant’s reconventional demand at the close of plaintiff’s case although defendant had not produced any witnesses on 'direct examination and (2). In concluding, that the negligence of plaintiff Sharp was a proximate cause of ,the accident. ; In regard to his latter contention, counsel argues the evidence shows the accident was caus’ed.by excessive speed on the part o'f 'Smith which 'conclusion he maintains is . supported by the distance traveled by the Smith car following the impact.
Wé. agree with counsel for plaintiff that it is the duty of a defendant who assumes the position of plaintiff in recon-vention to prove his’ reconventíónal demand by a preponderance of the evidence. In this connection we cite with approbation 'the following authority: Easterling v. Bagwell, La.App., 21 So.2d 770; Butler v. Bryant, La.App., 75 So.2d 519; Pillsbury Mills, Inc. v. Chehardy, 231 La. 111, 90 So.2d 797.
*836 However, we are unaware of authority which holds that a reconventional demand must of necessity be established by the testimony of witnesses called by and on behalf of plaintiff in reconvention and counsel for plaintiff has not directed our attention to any cases so holding.
The presence of testimony in the record sufficient to prove a defendant’s reconven-tional demand to a reasonable certainty by a preponderance of the evidence is all that is necessary to support the demand in re-convention. It matters not whether the evidence relied upon by reconvenor was elicited from witnesses called by recon-venor or from plaintiff’s witnesses. So long as the evidence is properly of record it may be considered in support of the re-conventional demand. In the case at bar we find that although defendant Travelers called no witnesses on direct examination, counsel for said defendant cross-examined each witness called on behalf of plaintiff (including plaintiff himself) and extracted from each witness the testimony desired. To this extent at least, it may be said evidence was adduced on the part of plaintiff in reconvention although we reiterate such is not an absolute necessity.
There remains for consideration only the question of the alleged negligence of defendant in reconvention, Sharp.
The jurisprudence of this state is firmly established to the effect that a motorist making a left turn is under the duty of first ascertaining by careful observation that such a maneuver can be safely executed. Emmco Ins. Company v. Fidelity & Casualty Company of New York, La.App., 117 So.2d 782.
It is equally well settled in our 'jurisprudence that a left turn is a dangerous undertaking and shall not be attempted unless and until the motorist endeavoring to accomplish such movement shall first ascertain the roadway is clear of oncoming and overtaking vehicles. Fornea et al. v. Crain, La.App., 79 So.2d 95.
 Although the learned trial judge did not favor us with written reasons for his judgment it is obvious that, in rejecting plaintiff’s principal demand and awarding judgment in favor of plaintiff in recon-vention, he concluded Sharp’s negligence was the proximate cause of the collision. That Sharp was guilty of negligence in not keeping a proper lookout is established by his own testimony to the effect he did not see the overtaking Smith vehicle at any time prior to actual impact. Despite plaintiff’s assertion he looked to his rear before commencing his turn, he was, nevertheless, guilty of negligence in not observing the Smith automobile for, in legal contemplation to look and not see is the equivalent of not looking at all. Vigilant Insurance Company v. Lumberman’s Mutual Cas. Co., La.App., 85 So.2d 87; Entor v. Parish, La.App., 86 So.2d 543; Alvares v. Rush, La.App., 108 So.2d 797.
The evidence convinces us (as it undoubtedly did our brother below) that plaintiff began his left turn when Smith was so near Smith could do nothing to avoid the collision. We believe this conclusion is supported by the testimony of plaintiff and Davis who testified in substance that the collision occurred just as plaintiff gave his hand signal and commenced his turn.
Plaintiff’s allegation of excessive speed on the part of Smith is without support in the record. There is no evidence whatsoever concerning the speed of the Smith car at the time of the accident. The accident occurred upon an open highway from which we may assume (in the absence of contrary proof) that a speed limit of 60 miles per hour was in effect. Considering a light rain was falling a car traveling at or near maximum legal speed would be quite likely to travel a distance of 150 feet upon the wet surface before coming to a halt. Nothing in the record indicates that maximum legal speed was unsafe under the prevailing conditions. Considering all of the circumstances of this case, we are unable to say that Smith has been proven *837 guilty of negligence in any respect whatsoever.
For the reasons hereinabove assigned, the judgment of the lower court is affirmed at appellant’s cost.
Affirmed.