YARRUT, Judge.
This matter is on appeal by both parties, the court a quo having dismissed both the main and reconventional demands without giving reasons.
Plaintiffs arc the insurer and the insured, respectively, of an automobile which was damaged in a collision with.defendant’s automobile. Plaintiffs charge that defendant was guilty of various acts of negligence, to-wit, failing to keep a proper lookout; failing to have his car under control; cutting across from the right lane into plaintiff’s left lane; and driving while under the influence of liquor. Defendant denied all allegations and, in reconvention, charges that plaintiff’s insured caused the collision in failing to maintain a safe distance between the vehicles, and in failing to maintain a proper lookout; and, in the alternative, pleads contributory negligence of plaintiff’s insured on the basis of the above and foregoing allegations. Judgment was rendered, as stated above, dismissing both the main and the reconventional demands.
Plaintiff’s insured testified he was driving on St. Bernard Ave., in New Orleans, approaching the intersection of No. Dorgenois St., in the neutral ground or left lane of St. Bernard Ave., at a speed of 25 to 30 miles an hour; that defendant was travelling in the lane to his right, in the same direction; that defendant suddenly swerved to the left in front of him, without any notice or warning, resulting in the right front of plaintiff’s automobile striking the left rear portion of defendant’s automobile. In this plaintiff was corroborated by a disinterested witness riding with him at the time.
To the contrary, while admitting he was travelling in the right lane, defendant testified that plaintiff, in attempting to overtake him, struck his automobile in the rear because plaintiff was travelling behind him and too close behind.
As plaintiff was travelling at lawful speed in the left or neutral ground lane, plaintiff had a right to overtake defendant, and was not required to anticipate that defendant would suddenly, without notice, turn into his lane and cross his path.
It is a well-settled rule of the road that one must be sure it is safe to turn left or right across the path of another automobile before attempting to do so. LSA- *772 R.S. 32:236, subd. A; New Orleans City Code, 1956, Sec. 38-76; Emmco Ins. Co. v. Fidelity & Casualty Co. of New York, La.App., 117 So.2d 782; Babineaux v. Sims, La.App., 111 So.2d 848; Baumann v. Allstate Ins. Co., La.App., 107 So.2d 805.
Notwithstanding' defendant admitted he was returning from church with his wife, two children and mother-in-law, none of them testified to corroborate his testimony, and no reason was given for their non-appearance. Hence, the conclusion is inevitable that the resulting collision was due solely and only to the negligence of defendant in the manner above described.
For the reasons assigned, the judgment dismissing plaintiffs’ suit is reversed; and it is now decreed that there be judgment in favor of plaintiffs, Emmco Insurance Company and Melvin Naquin, and against defendant, Calvin Fox, in the sum of $220.98, $170.98 in favor of Emmco Insurance Company and $50.00 in favor of Melvin Naquin, together with legal interest thereon from date of judicial demand until paid, and all costs in both Courts; and judgment dismissing defendant’s reconventional demand is now affirmed.
Reversed in part, affirmed in part.