JESSE S. HEARD, Judge ad hoc.
This suit was instituted by Pascal Margi-otta, individually and for the use and benefit of his minor daughter, Dolores Margi-otta, for damages to his automobile and for personal injuries received by his daughter, Dolores Margiotta, in an automobile collision which occurred on Louisiana Highway No. 18, commonly known as the River Road, approximately one-half mile east of Hahnville, Louisiana on November 20, 1959 at approximately 3:30 p. m. Dolores Margi-otta was the driver of her father’s 1954 Plymouth four door sedan, which was struck by a dump truck loaded with sand belonging to Louis Cormier, being driven by Arnold R. Coleman and insured by Bankers Fire and Marine Insurance Company, the defendant herein. The accident happened as Dolores Margiotta drove her father’s automobile from the driveway of their home into Louisiana Highway No. 18.
The plaintiff alleges that Dolores Margi-otta made a left turn into the highway and had completely executed the turn into the northbound traffic lane of Louisiana Highway No. 18 and was proceeding in a northerly direction when the truck, being driven by Arnold R. Coleman, at a reckless rate of speed and in a negligent manner, swerved into the northbound lane of traffic and struck the plaintiff’s automobile. The lower court found the defendant negligent and rendered judgment in favor of the plaintiff, individually in the amount of *465 $572.79 and in favor of his daughter in the amount of $200.00, from which judgment the defendant has appealed.
The only eye witnesses to the accident who testified were Dolores Margiotta, the driver of the 1954 Plymouth sedan, which belonged to her father, Pascal Margiotta, and Arnold R. Coleman, the driver of the dump truck. Dolores Margiotta’s version of the accident was that on November 20, 1959, at approximately 3:30 p. m., she was proceeding out of the driveway of her home in her father’s automobile onto Louisiana Highway No. 18, commonly known as the River Road, intending to drive in the direction of Hahnville, which was to her left. She stated that she came to a stop before entering Louisiana Highway No. 18 and let a Chevrolet automobile, proceeding in a southerly direction, pass. When the car passed, she looked to her right and to her left and not seeing any other automobiles, proceeded out into the highway. After she had proceeded about 75 feet up the highway from her driveway and was on her right side of the road, the dump truck, loaded with sand and being driven by Arnold R. Coleman, skidded over into her lane of traffic, sideswiped her car, and came to rest approximately 100 feet on the south side of the driveway. She testified that she had just shifted into second gear and that after the impact her automobile did not move. She further stated that she was 75 feet from the driveway when she first saw the truck and at that time it was right upon her; that the truck stopped approximately 100 feet from her car and perhaps 25 feet from the driveway and that the distances given by her were just estimations.
Pascal Margiotta, the father of Dolores, stated that he arrived at the scene of the accident approximately fifteen minutes after it had happened. At that time his automobile was 75 feet north of his driveway, three feet from the middle of the road and that the truck was approximately 100 feet south of the driveway. The damages to his automobile were from the front fender back.
Arnold R. Coleman, the driver of the dump truck, stated that he was driving south on Louisiana Highway No. 18 at approximately 20 to 28 miles per hour and that he saw the plaintiff’s car fifty to seventy-five feet away as she was coming out of her driveway. At that time the front end of her vehicle was on the south side or his right hand lane and she was not moving. He then proceeded to hit his brakes and to turn into his left lane of traffic to get around her, but at that point, Miss Margiot-ta pulled out across the highway and as he cut back into his right hand lane, contact between the^two automobiles was made. At that time her left re,ar fender was in Arnold Coleman’s right lane. He further testified that he skidded about two feet and after the impact his truck came to rest .approximately ten feet south of the driveway. The Plymouth automobile was approximately fifteen feet up the road and it moved some distance after the impact.
Mr. Walter Hebert, the Deputy Sheriff, and only disinterested witness, testified that he arrived at the scene of the accident immediately after the impact. At the time of his arrival, the Margiotta car was facing north on Louisiana Highway No. 18 and the dump truck was facing south from the driveway. The Margiotta car was fifteen or twenty feet north of the driveway and the Coleman car was twenty-five feet past the driveway going south. He found debris about twenty-five feet from the driveway on the north side of the highway.
After a careful review of all the testimony, we are firmly convinced of Dolores Margiotta’s negligence and that such negligence was the sole and proximate cause of the accident.
LSA-R.S. 32:237, subdivision E provides:
“The driver of a vehicle entering a public highway from a private road or entering a private road from a public highway shall yield the right of way to all vehicles approaching on the public *466 highway and to all pedestrians properly walking thereon.”
In the case of Holland v. United States Fidelity & Guaranty Company, La.App., 131 So.2d 574, the Court stated:
“This rule of-the road is well recognized in our jurisprudence. In attempting to drive from the private driveway out onto the thoroughfare, Mrs. Holland was under a duty to exercise extreme care. Bush v. Williams, La.App., 1 Cir., 1954, 74 So.2d 335. She was under a duty to yield the right-of-way to all vehicles approaching o& the street. Although holding the driver entering from the private drive had met the duty placed upon him, the Court stated in Payton v. Great American Indemnity Company, La.App., 2 Cir., 1955, 83 So.2d 575, 579:
“ ‘ * * * It is recognized that the primary duty of avoiding a collision rests upon the driver of a vehicle entering a-public highway from a private drive. He is required to keep a lookout for vehicles upon the favored street and must keep his car under control and exercise due care and caution. * * * >»
In the case of Gutierrez v. Columbia Casualty Company, La.App., Orleans, 1958, 100 So.2d 537, 540, the Court stated:
“Of course, the rationale of the foregoing statute may not be interpreted to mean that a motorist may, in the face of imminent danger, simply rely upon the right of way accorded him by law and recklessly drive along the highway ■ with complete abandonment of all caution, but it does mean that a motorist who in the exercise of ordinary care is driving in a public highway should not be held to the same standard or degree of care and vigilance as if no such expression of the legislative intent existed. Fie has the right therefore to assume, unless danger can be reasonably anticipated or is otherwise imminent, that the promulgated law relating to this rule of the road is understood and will be observed, and he is not required to search in anticipation of other motorists who may, in violation thereof, enter any portion of a public highway from a private road or driveway without being relatively certain that it is safe to do so.”
From our review of the evidence we have concluded that the driver, Arnold R. Coleman, was free from any negligence as he was proceeding south on Louisiana Highway No. 18 in his dump truck loaded with sand, at between 20 and 28 miles per hour. He observed Dolores Margiotta drive into his lane of traffic and attempted to turn to his left in order to avoid the accident, but as he did so, she proceeded across the highway into the east traffic lane and as he attempted to cut his truck back into the west or his right traffic lane, he sideswiped the Margiotta. automobile.
We feel that had Dolores Margiotta been keeping a proper lookout she could have seen the Coleman truck approaching and it is a well recognized rule of law that she should have seen what she could have seen[1].
For the foregoing reasons the judgment of the lower court is reversed.
Reversed.

. Southern Farm Bureau Cas. Ins. Co. v. Caldwell. La.App., 111 So.2d 842; Bowers v. Hardware Mutual Cas. Co., La. App., 119 So.2d 671; Emmco Ins. Co. v. Globe Indemnity Co., La.App., 119 So.2d 516.