BAILES, Judge.
Plaintiffs bring this action to recover damages for the death of their seventeen year old son, Leo Alton Attaway, who was killed shortly after 2:00 a. m., on the morning of August 9, 1965, when the motorcycle on which he was riding was struck from the rear by an automobile driven by the minor son of the defendant, E. K. Schluntz. The other defendant, State Farm Mutual Automobile Insurance Company, is the public liability insurer of Mr. Schluntz.
Consolidated for trial in the court a quo and for argument on this appeal is the companion case of Ralph D. Houston, Individually and as administrator of the estate of his minor son. Houston v. Schluntz et al., La.App., 208 So.2d 335. The reasons for judgment assigned by us in the instant case apply equally to the disposition of the cited companion case.
The trial court rendered judgment denying the plaintiffs’ demands, at their cost. From this adverse judgment, plaintiffs have appealed. We find the holding of the trial court is correct, and accordingly, we affirm.
While driving around Baton Rouge, Louisana, near midnight, August 8, 1965, young Attaway and James Franklin Houston, age seventeen, appropriated to their own use, without authority, a motorcycle belonging to Don O. Davis. They lifted it into the trunk of the automobile they were driving and drove to a new residential development near the outskirts of Baton Rouge. Here they removed the motorcycle from the automobile trunk and started it. Houston then drove the auto and parked it near his home, where he joined Attaway on the motorcycle. They left Baton Rouge in a westerly direction on four-laned U. S. Highway 190. They stopped at a service station several miles east of the scene of the accident to purchase gasoline. About two miles east of Erwinville, Louisiana, at approximately 2:00 a. m., August 9, 1965, they were operating the motorcycle in the center of the outside westbound traffic lane at about 40 miles per hour. Attaway was in control. Behind them, also in the outer lane, was an overtaking tandem trailer truck, which, in turn, was followed by a passenger automobile driven by James K. Schluntz. As he approached the rear of the truck, Schluntz steered his car into the inside westbound lane, passed the truck, and pulled back into the outer lane. Immediately upon completing this last maneuver he saw a white shirt directly in his path. Though he turned his wheels sharply to the left he could not avoid striking the motorcycle.
Plaintiffs alleged that Schluntz was guilty of negligence in the operation of his automobile and that this was the sole, *334 proximate cause of the accident. In answer, defendants deny the alleged negligence and in the alternative plead the contributory negligence of the teen-agers on the motorcycle as a bar to recovery. Specifically, defendants allege that the motorcycle was being operated without a taillight. The Trial Court found there was no taillight on the motorcycle and held that this defect constituted causative, contributory negligence.
The only question raised by this appeal is the factual one of whether the two teenage boys were guilty of contributory negligence. As did the District Court, we pre-termit discussion of the negligence of the driver of the Schluntz vehicle since our conclusion is that the record supports the finding of contributory negligence on the part of the two young boys.
At the outset, we note the germ of an argument, not strenuously urged by plaintiffs-appellants in either court, that a finding of negligence on the part of Atta-way, the operator of the motorcycle, should not be imputed to Houston, the passenger. This contention, we feel, is without merit. Houston was a joint “adventurer” with At-taway, equally accountable for the consequences of their adventure if for no other reason than that he assumed the extraordinary dangers inherent in their escapade. Our jurisprudence is replete with cases refusing recovery to a passenger who accompanies a driver who operates a vehicle under abnormal circumstances. See Sloan v. Gulf Refining Co. of Louisiana (La.App.1924) 139 So. 26; Thomas v. Thomas (La.App.1934) 155 So. 67; Lannes v. Escousse (La.App.1938) 179 So. 106; Normand v. Piazza (La.App.1962) 145 So.2d 110. Thus, we shall make no distinction between negligence on the part of either of the boys.
The state Highway Regulatory Act contains the following provision:
“A. Every motor vehicle * * * shall be equipped with at least one tail lamp mounted on the rear, which, when lighted as hereinbefore required in R.S. 32:301, shall emit a red light plainly visible from a distance of 500 feet to the rear * *.” R.-S. 32:304.
Since the term “motor vehicle” by definition, R.S. 32:1 (26) and (28), includes a motorcycle, the question becomes whether the misappropriated motorcycle ridden by Attaway and Houston was properly equipped.
The only testimony definitely asserting the presence of a taillight on the motorcycle at the time of the accident was that of Houston. He stated he saw the taillight while stopped at the service station for gasoline and that it was operating.
On the other hand, Schluntz, the driver of the car which collided with the motorcycle, testified that there was no taillight on the motorcycle and he only discovered the vehicle’s presence in his path when he saw Houston’s white shirt immediately ahead of him. This account is supported by the testimony of other witnesses.
Lawrence D. Bell, the driver of the trailer truck testified that after the Schluntz auto passed him it had traveled only some 200 feet when he saw the sparks resulting from the collision, and that prior to the time Schluntz pulled back in front of him he had seen no taillights on the highway ahead of him in spite of the fact that a driver can see a taillight well in advance of the range of his headlights. In addition, he testified that he found a small, two-cell flashlight near the scene of the accident.
Don Davis, the owner of the motorcycle, in testifying, told of a trip on the motorcycle from False River to Baton Rouge during the evening before the accident. At that time, the bracket holding the taillamp had broken. He stopped and wired the lamp to the rear fender brace in order to complete his journey, his intention being to replace the entire assembly the following morning. Moreover, Mr. Davis went to the scene of the accident later in the day *335 on the 9th of August, where he searched for parts missing from his motorcycle. He testified he found every missing piece except the taillight.
The state policeman who investigated the accident testified that his search of the area disclosed several parts of the motorcycle, but not a taillight. Schluntz also stated that he specifically searched for a taillight at the scene but could not find one.
And finally, there is the testimony of young Houston who stated that immediately prior to the collision, when headlights approached so close as to cause him concern, he turned and signaled with a flashlight. The flashlight had been taken from the glove compartment of the automobile in which the boys had been riding earlier and though Houston testified that he did not bring the flashlight with him to use as a taillight he also stated that there was no other reason for bringing it.
Based on this testimony, we find, as did the trial court, that there was no taillight on the motorcycle at the time of the accident. The testimony of the driver of the Schluntz vehicle that he saw no taillight is supported by a preponderance of the evidence. We feel that when the rather heavy motorcycle was either loaded into the trunk of the automobile or unloaded from it the hastily repaired taillight was detached and lost, and that is the reason young Houston was carrying a flashlight.
It is well settled law that failure to observe a provision of the Highway Regulatory Act constitutes negligence per se. Appellants argue, that even assuming the absence of a taillight, this defect had no causal relationship with the accident or at most was only a remote cause, the alleged negligent operation of the Schluntz vehicle being the proximate cause.
The absence of the taillight in this case was a contributing cause of the accident, in that if the motorcycle had been properly equipped the driver of the Schluntz automobile would have been able to see the motorcycle long before he was confronted with the prospect of imminent collision, notwithstanding the unproven possibility of excessive speed on his part.
The judgment rendered below in favor of the defendants, E. K. Schluntz and State Farm Mutual Automobile Insurance Company, and against the plaintiffs, dismissing their demands, is, therefore, affirmed at plaintiffs-appellants’ cost.
Affirmed.