234 So.2d 827 (1970)
Mrs. Mildred W. INABINET, Wife of and David S. Inabinet, Plaintiffs-Appellees,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Defendants-Appellants.
No. 7832.
Court of Appeal of Louisiana, First Circuit.
April 13, 1970.
Rehearing Denied May 25, 1970.
*828 Iddo Pittman, Hammond, for appellants.
Coe, Nowalsky & Lambert, by John D. Lambert, Jr., New Orleans, for appellees.
Before LANDRY, SARTAIN and ELLIS, JJ.
SARTAIN, Judge.
This action ex delicto involves a collision which occurred when one vehicle (Inabinet) was struck on its right rear side as it was executing a right turn maneuver into a private driveway by the following vehicle (Cousin). Defendants appeal from an adverse judgment in the district court which held that the sole and proximate cause of the accident was the negligence of the driver of the approaching vehicle in traveling at an excessive rate of speed and failing to maintain a proper lookout. The versions of the accident as espoused by plaintiffs and defendants are irreconcilable. Accordingly, a resolution of this dispute involves primarily a determination of fact. The trial judge resolved this issue contrary to the defendants' version and we are not prepared to state that the judge a quo committed manifest error in so holding and therefore affirm.
The accident occurred in the unincorporated town of Lacombe, St. Tammany Parish, Louisiana, at approximately 12:00 noon o'clock on September 8, 1963. Plaintiffs reside on the south side of Main Street and one block east of the intersection of this street with U. S. Highway 190. At this intersection U. S. Highway 190 bears slightly to the left or north. Just prior to this curve in the highway is the commencement of Main Street. Thus, Main Street runs in a continuous easterly direction from U. S. Highway 190. Located on the north side of U. S. Highway 190 at its intersection with Main Street is Keller's grocery and service station. The post office in Lacombe is situated across the street from the Inabinet's residence.
Mrs. Inabinet testified that she was proceeding in an easterly direction on U. S. Highway 190 and drove on to Main Street towards her home. She stated that as she left the highway for Main Street she reduced her speed to fifteen or twenty miles per hour, and continued to reduce her speed until she reached her driveway. When she was twenty feet from her driveway, she looked in her rear view mirror and observed *829 no oncoming traffic. She then proceeded to turn right into her driveway. She stated that as her vehicle was struck, all of its wheels were off of Main Street with just the rear three feet protruding over the street itself. She acknowledged that she did not give a hand or mechanical signal prior to turning because she did not observe any vehicles to her rear. She estimated that she was going from five to eight miles per hour while executing the turning maneuver.
The Cousin vehicle was being driven by Miss Sandra Cousin. She testified that she also was traveling in an easterly direction on U. S. Highway 190, continued on to Main Street, and was following the Inabinet vehicle by four or five car lengths. She stated that as they approached the driveway, Mrs. Inabinet drove over the center line and then suddenly cut back sharply to her right and into the driveway. Miss Cousin stated that when the Inabinet vehicle crossed the center line, she concluded that it was going to the post office which has a shelled parking area on the north side of Main Street. This witness further stated that she was about twenty feet from the Inabinet vehicle when it made its sudden maneuver and there was nothing she could do to avoid the accident.
Mr. John Dupuy had been to Keller's service station and was on his way to his employer's home which is located on a cross street between the intersection of U. S. Highway 190 and the Inabinet home. He explained that it was necessary for him to wait for traffic approaching from the east. He did not then observe the Inabinet vehicle but had to wait for the Cousin automobile. He stated that when the Cousin automobile continued on Main Street from U. S. Highway 190 it was traveling at a speed of approximately forty miles per hour. He continued to observe the Cousin vehicle and when it was approximately seventy-five feet from the Inabinet driveway, he noticed the Inabinet car in its driveway with just its rear portion protruding on the street. He explained that when the Cousin vehicle was approximately twenty feet from the Inabinet car, he noticed the former apply its brakes.
The testimony further discloses that when the right turn indicator was activated on the Inabinet vehicle it caused the horn to blow. Mrs. Inabinet, however, stated that this was not the reason why she did not activate her right turn indicator. She stated that had she seen the Cousin vehicle approaching her from the rear she would have indicated her intentions to turn by the use of the indicator notwithstanding that it would also cause her horn to blow.
Defendants contend that not only was Mrs. Inabinet's actions in failing to indicate her intentions to turn negligence on her part but also her failure to see the Cousin vehicle approaching from the rear and making a sudden turn into the driveway which bars any recovery on the part of herself or her husband. Cited in support of this position is L.R.S. 32:101[1] and 32:104[2] and cases of Nesbit v. Travelers Ins. Co., 218 So.2d 396 (2d La.App., 1969); Jones v. Armstead, 169 So.2d 268 (1st La.App., *830 1964); West v. T. L. James & Company, 142 So.2d 853 (1st La.App., 1962); Sharp v. Travelers Indemnity Co., 122 So.2d 833, (1st La.App., 1960); Simoneaux v. State of Louisiana, Dept. of Highways, 106 So.2d 742 (1st La.App., 1958), 90 A.L.R.2d 100.
Plaintiffs argue that Mrs. Inabinet was stopped or for all practical purposes stopped at the time of impact. Accordingly, they contend that defendants bore the burden of proving that the driver of the vehicle approaching from the rear was free from fault and relies on Southern Farm Bureau Casualty Ins. Co. v. Caldwell, 111 So.2d 842 (2d La.App., 1959) and cases therein cited. Secondly, plaintiffs urge that Mrs. Inabinet's failure to give the statutorily required signal under the particular facts of this case was not a direct and proximate cause of the accident and that the driver of the offending vehicle could have, by the exercise of proper care and caution, avoided the collision.
In his written reasons for judgment the trial judge stated:
"The road-way was wet, as it was raining slightly. The accident occurred as Mrs. Inabinet was executing a right turn off of Main Street, a two-lane concrete roadway, into the private drive-way of her home. Actually, Mrs. Inabinet had almost completed her turn, as all four wheels of her vehicle were off of the concrete portion of the road, but the rear end of the car had not yet completely cleared off of the concrete roadway at the time of the collision.
It is admitted by all concerned, including Mrs. Inabinet, that she did not give a signal prior to making the turn, and based on this fact, defendant largely relies in order to support a claim of contributory negligence on the part of Mrs. Inabinet. A review of all of the testimony convinces me that the accident was caused by the negligence of the driver of the defendant vehicle because she was driving at an excessive rate of speed and did not maintain a proper lookout, and this was the proximate cause of the accident.
Although a failure to give a turn might be negligence per se within the meaning of the Highway Regulatory Act, I do not find that Mrs. Inabinet's failure to give a turn signal in this case was a proximate cause of the accident."
It is well established that a violation of a traffic ordinance is negligence per se. Attaway v. Schluntz, 208 So.2d 332 (1st La.App., 1968, writs refused, 1968). However, it is equally well established that the presumption of negligence arising from the failure to observe a traffic regulation is rebuttable and further that for such negligence to bar recovery it must have been a proximate cause of the resulting collision. In the case at hand, the trial judge accepted the testimony of Mrs. Inabinet as corroborated by that of Mr. Dupuy and concluded that Mrs. Inabinet's failure to signal her intention to turn was not a proximate cause of the accident.
The record clearly establishes Mr. Dupuy was a completely disinterested witness. His testimony as to the speed of the Cousin vehicle was accepted by the trial judge. Plaintiffs have argued before us and in brief that by the use of time and distance charts the Cousin vehicle could have traversed the entire block (200 to 300 feet) between the time Mrs. Inabinet looked into her rear view mirror and the time she was struck by the Cousin vehicle. We would prefer not to hinge this decision upon such technical calculations because we think the testimony of Mr. Dupuy amply supports the conclusion reached by the trial judge that Miss Cousin's vehicle was traveling at a fast and excessive rate of speed under the circumstances and this fact coupled with a consideration of the weather conditions constituted negligence which was the sole and proximate cause of the accident.
It is axiomatic to say that each case must be decided on its own facts. The facts in *831 the case at bar involve two possible theories of negligence (1) the failure to indicate a turning maneuver as required by law and (2) failure to keep one's vehicle under proper control and to maintain a proper lookout while driving. In this case the trial judge, after hearing all of the witnesses and considering the deposition of Mr. Dupuy concluded as a matter of fact that Miss Cousin's conduct constituted negligence which caused the accident.
In Vander v. New York Fire and Marine Underwriters, Inc., 192 So.2d 635 (3d La. App., 1966) the relative application of these rules of law were considered and the court stated:
"The law imposes a duty on the following motorist to keep his vehicle under control, to observe the forward vehicle and to follow at a safe distance. As a general rule, when a following vehicle collides with the rear of the lead car, the following driver is considered to be at fault. An exception to this general rule of law has been recognized in instances where the driver of the lead vehicle negligently creates a hazard which the following vehicle cannot reasonably avoid. Self v. State Farm Mut. Auto. Ins. Co., 183 So.2d 68 (La.App.3d Cir. 1966); Emmco Insurance Company v. St. Lawrence, 127 So.2d 202 (La.App. 4th Cir. 1961); Crow v. Alesi, 55 So.2d 16 (La.App. 1st Cir. 1951)."
A finding of fact by the trial judge, particularly where there is a serious dispute between the parties directly concerned, is entitled to great weight and should not be set aside on appeal except in the clearest case of manifest error. It is clear to us that the testimony of Mr. Dupuy coupled with Mrs. Inabinet's impression on the trial judge tipped the scales in favor of plaintiffs.
We now turn to the question of quantum. Mr. Inabinet was granted judgment in the sum of $7,072.57 for special damages. These damages were itemized and due and proper proof was offered in support of the same.
Mrs. Inabinet was awarded the sum of $20,000.00 for personal injuries. The only medical testimony in the record concerning her injuries and medical condition is that offered by Drs. Llewellyn and Diamond. As a result of the accident Mrs. Inabinet sustained injuries which on three separate occasions required surgery for ruptured disc. On January 29, 1965 the C-6-7 disc was removed; on March 23, 1966 the C-5-6 disc was removed; and, on February 5, 1967 the C-4-5 disc was removed and a spinal fusion completed. The medical testimony is voluminous and we see no useful purpose in reiterating it in detail. Each of the operations was very painful as was the discomfort and suffering that followed for a period in excess of three years.
Accordingly, for the above and foregoing reasons the judgment of the district court is affirmed at appellants' costs.
Affirmed.
NOTES
[1] L.R.S. 32:101.

The driver of a vehicle intending to turn at an intersection shall proceed as follows:
(1) Right turns. Both the approach for a right turn and a right turn shall be made as close as practicable to the right-hand curb or edge of the roadway. * * *"
[2] L.R.S. 32:104.

A. No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in L.R.S. 32:101, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety.
B. Whenever a person intends to make a right or left turn which will take his vehicle from the highway it is then traveling, he shall give a signal of such intention in the manner described hereafter and such signal shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning. * * *"