LILES, Acting Chief Judge.
Ronnie Gilmore was tried for robbery in the Criminal Court of Record for Hills-borough County, Florida. The jury returned a verdict of guilty as charged.
Just before the trial began, while the jury was being selected, a sheriff’s deputy took the state witnesses to a door of the courtroom. The deputy asked the witnesses to look in and see if they recognized anyone in the courtroom. Ronnie Gilmore now claims that because he was the only Negro in the courtroom when this identification took place his constitutional right to a fair lineup was violated. Appellant Gilmore asks this court to reverse the trial court’s conviction and grant a new trial.
The test of the validity of an in-court identification is if the identification was based on the independent recollection of the witness, rather than the suggestion of identity implanted at the pretrial viewing, then the in-court identification is valid. United States v. Wade, 1967, 388 U.S. 218, 87 S.Ct. 1926, 19 L.Ed.2d 1149; Gilbert v. California, 1967, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178; Avis v. State, Fla.App.1969, 21 So.2d 235.
The record here shows that the state’s witness was present when the crime was committed, and could identify Gilmore on the basis of the witness’ own observation of Gilmore.
Consequently, the test of Wade, Gilbert and Avis was met and the trial court did not err in refusing to grant a new trial.
The decision of the trial court is affirmed.
McNULTY, J., concurs.
MANN, J., concurs specially with opinion.