BAILES, Judge.
Plaintiff brings this action, individually and as tutor of his minor children to re *239 cover damages for the death of plaintiff’s wife and mother of the minor children who was fatally injured on the night of May 7, 1968, while riding a bicycle on Veteran’s Highway in Kenner, Louisiana. Mrs. Marilyn L’Hoste, decedent, was struck from the rear by a vehicle driven by one of the defendants, John N. Ciravola, while travelling east, or inbound toward New Orleans.
The trial court rendered judgment denying the plaintiff’s demands, at his cost. From this adverse judgment, plaintiff has appealed. We find the holding of the trial court is correct, and accordingly, we affirm.
On the night of this tragic occurrence, Mrs. L’Hoste, in the company of her neighbor, Mrs. Beverly Walker, as they frequently did, went for a bicycle ride. After traversing familiar streets and ways, they decided to ride east on Veterans Memorial Highway. Immediately prior to the accident, Mrs. Walker was in the lead with Mrs. L’Hoste following single file on the shell or gravelled shoulder of the east bound lane of the highway. Upon passing the intersection of Indiana Street and the highway, the gravelled shoulder gave way to a blacktopped parking area, which extended to the outside edge of the east bound lane of the highway. Mrs. Walker testified that upon reaching the end of the gravelled shoulder she looked to the rear and saw Mrs. L’Hoste immediately in back of her. As Mrs. Walker continued on the paved shoulder she heard a screeching noise. Upon looking to her left she saw a car pushing the bicycle with Mrs. L’Hoste on it past her. Within a short distance Mrs. L’Hoste was thrown on to the hood of the car and then fell to the blacktopped roadway.
Mr. John N. Ciravola, driver of the vehicle which struck Mrs. L’Hoste’s bicycle, testified that he was driving at a speed of 30 to 35 mph (by deposition, he fixed his speed at 35 to 40 mph) as he crossed the intersection of Indiana Street. At this time, according to his testimony, the bicycle came like a “flash” in front of him. He put on his brakes and when he struck the bicycle the rider, Mrs. L’Hoste “flew up on the hood and I stopped right then.”
Lt. Harry Fletcher of the Kenner Police Department investigated the accident. In his investigation he found that the Ciravo-la vehicle left 50 feet of skid marks wholly within the right or its proper lane of travel. He fixed the point of impact four to five feet from the outside edge of the main travelled portion of the right east bound lane of the highway. He also testified that he found the point of impact on the front of the hood about six inches to the right of its center. He determined that the vehicle travelled four to five feet after impact. His investigation further showed that there were no lights of any kind on the bicycle nor was there a reflector in the reflector holder on its rear fender. He stated he found no debris or broken reflector glass or other material at the scene. There were no witnesses to the accident other than a Mr. Mack Orlando, a passenger in the right front seat of the Ciravola vehicle. Mr. Orlando verified the defendant’s version of the accident. He stated that the Ciravola vehicle was travelling at 35 mph; he first saw the bicycle about 40 to 50 feet in front of the'car; and when he saw it, it was not quite in the middle of the right lane.
Both Mr. Ciravola and Mr. Orlando testified that this was the first time they had ever seen a bicycle on Veterans Memorial Highway at night and that they did not expect to see a bicycle there at night.
Mrs. Walker stated that she and the decedent had never ridden in this area before this occasion.
The trial court assigned written reasons for judgment, concluding that Mrs. L’Hoste was either riding on the highway at night without a reflector or veered from the shoulder onto the highway in Ciravo-la’s path of travel.
*240 The appellant sets forth three specifications of error to the holding of the trial court, these being:
1. The district judge erred in finding that the bicycle on which Mrs. L’Hoste was riding had no reflector attached to the rear fender.
2. The Court erred in finding that Mrs. L’Hoste was contributorily negligent.
3. Alternatively, the Court erred in not finding that defendant had the last clear chance to avoid the accident in which Mrs. Marilyn L’Hoste met her death.
Specification of error No. 1 involves a finding of fact of the trial court. We find the record completely supports the finding of no reflector on the rear fender of the bicycle. Lt. Fletcher stated he found no reflector on the rear fender when he made his investigation. He checked the area for broken reflector material as well as the front of the defendant’s vehicle to determine if it might have become impaled there. Mr. Orlando saw no reflector when he saw the bicycle in the road. The only witness who contended that the bicycle had a reflector was Mrs. Walker. She merely stated she knew it was on the bicycle the day before the accident.
Specification of error No. 2 is that the Court erred in finding that Mrs. L’Hoste was contributorily negligent.
In order to find contributory negligence on the part of Mrs. L’Hoste, we would have to find negligence on the part of Mr. Ciravola. We find that Mrs. L’Hoste was guilty of negligence which was the sole and proximate cause of the accident.
Having resolved the question of the absence of a rear red reflector and admittedly there was no tail light, we find that Mrs. L’Hoste violated the Highway Regulatory Act which contains the following provision:
R.S. 32:329 Bicycles; front and rear lamps
“Every bicycle when in use at night time shall be equipped with a lamp on the front which shall emit a white light visible from a distance of at least 500 feet to the front and with a red reflector on the rear of a type approved by the Department which shall be visible from all distances within 350 feet to 100 feet to the rear when directly in front of lawful upper beams of head lamps on a motor vehicle. A lamp emitting a red light visible from a distance of 500 feet to the rear may be used in addition to the red reflector.”
It is well settled law that failure to observe a provision of the Highway Regulatory Act constitutes negligence per se. If Mrs. L’Hoste did not suddenly veer into the highway, we find the absence of a tail light on the bicycle was the proximate cause of the accident. Had the bicycle been in the highway but properly lighted, Mr. Ciravola would have been able to see the bicycle and avoided striking it. The statute was designed to prevent exactly what happened here. See: Dixie Drive It Yourself System v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962); Attaway v. Schluntz, La.App., 208 So.2d 332 (1968); Lawrence v. Core, La. App., 132 So.2d 82 (1961). Alternatively, if Mrs. L’Hoste did suddenly veer into the highway (and thus absence of a reflector was not the proximate cause of the accident), the veering without looking was negligence and the cause of the accident.
Plaintiff’s third and last specification of error is that alternatively, the Court erred in not finding that defendant had the last clear chance to avoid the accident.
Cases are legion which set forth the requirements for the application of the doctrine of last clear chance. In Jones v. Firemen’s Ins. Co. of Newark, New Jersey, *241 La.App., 240 So.2d 780 (1970), the court said on page 782:
“ * * * nor could the doctrine of last clear chance be applied to him. Before this doctrine may be applied, three essential facts must be established: (1) that the injured party was in a position of peril of which he was unaware or from which he was unable to extricate himself; (2) that the defendant discovered or, by the exercise of reasonable precaution, should have discovered such peril; and (3) that, at such time, the defendant could, with the exercise of reasonable care, have avoided the accident.”
We find that only the first requirement is met in the instant case. The last two requirements or conditions are not found to apply to the actions of the defendant, Mr. Ciravola.
We find that the accident in which Mrs. L’Hoste was fatally injured was caused solely and proximately by the negligence of Mrs. L’Hoste as set forth above.
Accordingly, for these reasons, the judgment appealed from is affirmed at appellant’s cost.