132 So.2d 596 (1961)
Herman JACKSON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 40090.
Supreme Court of Florida.
September 6, 1961.
*597 I.C. Smith, West Palm Beach, for appellant.
Richard W. Ervin, Atty. Gen., and B. Clarke Nichols, Asst. Atty. Gen., for appellee.
HOBSON, Justice.
This is a direct appeal from a judgment of guilt of the crime of rape and sentence of death imposed by the circuit court of Palm Beach County. The evidence shows that on February 26, 1960 shortly before 8:00 P.M. the prosecutrix, a 13 year old white girl, was forcibly taken from a roadside telephone booth near her home in Lake Worth, Florida, by a Negro man. The man then dragged her across a highway into a clump of bushes where he raped her.
Approximately one week after this alleged incident, the appellant was arrested and charged with the crime of rape. It is undisputed that following his arrest two officers investigating the offense requested from the appellant permission to search his room in the home of his parents-in-law in West Palm Beach. The investigators testified that he consented to such a search, while the appellant swore that he did not. The search was conducted and certain items of the appellant's clothing as well as a pair of shoes and a wrist watch were seized.
Prior to trial, counsel for appellant filed a motion to suppress the evidence obtained as a result of the search and a hearing was held for the purpose of determining whether the belongings of the appellant were the fruits of an illegal search. The circuit judge decided this disputed question of fact in favor of the prosecution and denied the motion to suppress.
Appellant first contends that the denial of the motion to suppress and the subsequent admission of the disputed items into evidence at the trial constituted reversible error. It is well settled that when a defendant freely and voluntarily consents to a search, such search is not illegal and the fruits thereof are admissible as evidence. 29 Fla.Jur., Search and Seizure, § 38, and authorities cited therein.
Appellant urges, however, that because of the fundamental nature of the rights involved the consent should be required to be in writing. This contention is unsupported by the law of this state, and it would be beyond the legitimate province of this court to evulgate such a rule by judicial fiat. The court below had before it ample evidence upon which to base its finding that the search in question was made pursuant to the consent of the appellant. Accordingly we find no merit in this point.
*598 Appellant next contends that there is insufficient evidence to sustain the verdict of guilty, especially upon the crucial issue of the identity of the defendant. We have carefully reviewed the record and find that the evidence militates against upholding this contention. The prosecutrix positively identified the defendant as her assailant. She was also able to identify the defendant's wrist watch and the coat that he was wearing on the night in question. Plaster casts of foot prints found at the telephone booth and at the scene of the crime were identified by an expert as having been made by the same size and type of shoe which the defendant, according to the evidence, was wearing at the time of the offense. Fibers found clinging to a bush at the scene of the crime were identified as being the same type material, color and length as fibers taken from the coat which the defendant was wearing. Seminal stains and traces of human blood were found on clothing worn by the defendant. There was testimony, albeit not of the most convincing character, by a cell mate of the appellant that prior to trial the appellant had admitted raping the girl. The testimony of appellant's father placed appellant within a few blocks of the scene of the crime on the afternoon of February 26. Finally, the appellant's own testimony, in which he in effect denied any connection with the rape, nevertheless shows that he was within a few hundred feet of the scene of the crime at about the time of its commission.
In the face of this evidence it is clear that the question of the guilt of the appellant was properly a matter for the jury to determine and that the interests of justice do not require a new trial. Section 924.32 (2), F.S.A.
Following the verdict of guilty, appellant filed a motion for a new trial on the basis of newly discovered evidence. In support of his motion appellant's counsel filed an affidavit in which he alleged that subsequent to the trial he learned that one Alta Elberty was an eye witness who could testify that she observed a part of the events leading up to the alleged crime of rape, that she clearly saw the alleged assailant, and that her description of the assailant does not match the physical appearance of the defendant. The attorney further alleged that he had tried on several occasions prior to trial to reach this witness by telephone but that each time she was not at home and that he had no knowledge of her testimony prior to trial. From the evidence adduced at the hearing on the motion it appears that the attorney had in his possession for several weeks prior to trial a list of all of the state's witnesses including the name of Alta Elberty. The affidavit of an investigator in the case alleged that the defense attorney called at the office of the investigator approximately one week prior to trial for the purpose of reviewing the state's evidence. At that time both the defense attorney and the investigator went over the list of state's witnesses and the name of Mrs. Elberty was mentioned. The investigator told the attorney that Mrs. Elberty has seen the incident but couldn't identify the attacker.
Moreover, it clearly appears from the record that on the opening day of the trial Mrs. Elberty was present in the court room and made her presence known by answernig "Here" when her name was called by the prosecuting attorney. She was not, however, called as a witness for the state or for the defense.
Mrs. Elberty testified at the hearing that on the evening of February 26 she was driving her automobile along the highway past the scene of the crime. At the edge of the highway she observed a young girl who she identified as the prosecutrix. A man was standing behind the girl and was holding her by the arm. Mrs. Elberty stated that when she first observed the pair she did not think there was anything unusual about the situation and assumed that the man holding the girl was an older brother or an older member of the family and that they were engaged in horse play. After she had passed them she looked in her rear view mirror and saw the girl *599 break away from the man and run, and the man chased her. At that time she thought, "That is funny. That looks like a colored boy." She did not, however, report the incident to anyone in authority until some time after she had read of the alleged offense in the newspapers. On the whole Mrs. Elberty's testimony is vague and fraught with contradictions. She gives a number of different impressions she had of the appearance of the complexion of the man she saw. He is variously described as appearing to be a tanned white man, a Puerto Rican, and a light-skinned Negro. She testified, however, that she could not say definitely whether or not the man she saw was the defendant, although at the time she did not have the impression that the skin of the man she saw was as dark as that of the defendant.
The rule of this state regarding the granting of a new trial for newly discovered evidence is set forth by Section 920.04(3), F.S.A., and in the case of McVeigh v. State, Fla., 73 So.2d 694, appeal dismissed, 348 U.S. 885, 75 S.Ct. 210, 99 L.Ed. 696. It is not necessary to delineate each of the several requirements for the granting of a new trial. It need only be pointed out that the newly discovered evidence must have been discovered after the trial, that reasonable diligence must be shown to have been exercised in an attempt to discover and present it at the trial; and that the evidence must be such that it would "probably have changed the verdict or finding of the court". Section 920.04(3), F.S.A.
It appears from the record that the defense attorney did not use due diligence to secure this evidence prior to trial in view of the fact that he had the name of the witness several weeks prior to trial and that she was available for questioning prior to and at the trial. However, inasmuch as this is a capital case we prefer not to ground our decision upon a technical failure of appellant's counsel to exercise due diligence in securing the testimony of Mrs. Elberty at the trial. It is unnecessary to rest our decision on this point in the instant case because a careful study of the record and of the testimony of Mrs. Elberty leads us to the conclusion that this evidence, even if it could conceivably be said that it was newly discovered and that reasonable diligence was employed, was so indefinite and self-contradictory that it would "probably" not have produced a different verdict when considered along with the evidence which was before the jury. Section 920.04 (3), F.S.A. We hold, therefore that the trial judge did not err in denying appellant's motion for a new trial.
We have considered the other points raised by appellant and find them to be equally unmeritorious. Accordingly the judgment and sentence of the lower court should be and it hereby is affirmed.
It is so ordered.
ROBERTS, C.J., TERRELL, THOMAS and THORNAL, JJ., DONALD K. CARROLL, District Court Judge, and EATON, Circuit Judge, concur.