HENDRY, Judge.
The defendant appeals from a jury verdict, finding him guilty of the offense of robbery, and a sentence of fifteen years confinement in the state penitentiary.
*909 Prior to trial counsel for the state and for the defendant stipulated that the robbery in question had been committed by some persons, and left it for the jury to determine whether the defendant was one of the guilty persons.
Two of the police officers testified that after the defendant’s arrest, and while the defendant was at the police station, the defendant orally consented to their searching his home. The police officers stated that this consent was voluntarily given after they had advised the defendant that they would get a search warrant. The testimony of the defendant and his wife, who was present at the time, was that no consent was given to the search. Certain items of clothing were taken from the defendant’s premises which items he stated were his. The items were introduced into evidence and identified by the witnesses as having been worn by one of the robbers. Four witnesses positively identified the defendant as being one of the persons who participated in the robbery.
The defendant contends (1) that the trial court erred in permitting the witnesses to testify to matters other than those relating solely to the identification of the defendant as one of the participants in the robbery, in view of the stipulation that the crime had been committed and (2) that the court erred in failing to suppress certain evidence (the items of clothing taken from the defendant’s bedroom) because they were obtained as a result of an illegal search and seizure.
As to the defendant’s first contention, we find no error committed on the part of the trial judge. In order for the jury to properly evaluate the degree of reliance to be placed upon the witnesses’ identification of the defendant as one of the participants in the robbery, it was necessary that they be apprised of the circumstances surrounding the commission of the offense and the opportunities available to the witnesses to observe the participants. The testimony can not be said to have been prejudicial to the defendant.
As to the defendant’s second contention, we find no reversible error in the trial court’s denial of the defendant’s motion to suppress and the subsequent admission of the items of clothing into evidence. Two police officers testified that the defendant, after being advised that his home could be legally searched with his permission or through the issuance of a search warrant, voluntarily consented to having his home searched. They further testified that the defendant’s wife was with them during the search and gave them a paper bag in which to place the clothing.
In Jackson v. State, Fla.1961, 132 So.2d 596, our Supreme Court held that consent to a search need not be in writing and if freely and voluntarily given by the defendant, such search is legal and the fruits thereof are admissible as evidence.[1]
While the defendant and his wife denied that consent was given by the defendant, there was sufficient testimony from which it could be found that consent had been given.[2]
The defendant relies heavily upon the case of Judd v. United States, 89 U.S.App. D.C. 64, 190 F.2d 649 (1951). The facts of that case are distinguishable from the instant case. The sole question there was whether the consent had been given free of duress and coercion. In our case the defendant denied giving his consent.
It follows that the judgment appealed must be, and is hereby, affirmed.
Affirmed.

. See also Longo v. State, 157 Fla. 668, 26 So.2d 818; Powell v. State, 131 Fla. 254, 175 So. 213.

. See Slater v. State, Fla.1956, 90 So. 2d 453; Starks v. State, Fla.App.1959, 108 So.2d 788.