174 So.2d 73 (1965)
Nathaniel Jethro HENDERSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 64-639.
District Court of Appeal of Florida. Third District.
April 13, 1965.
Rehearing Denied May 4, 1965.
*74 Robert L. Koeppel, Public Defender and Patrick A. Podsaid, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and James T. Carlisle, Asst. Atty. Gen., Tallahassee, for appellee.
Before BARKDULL, C.J., and TILLMAN PEARSON and CARROLL, JJ.
TILLMAN PEARSON, Judge.
On July 2, 1963, the appellant was tried, adjudicated guilty of the charge of robbery, and sentenced to nineteen years in the State penitentiary. On May 18, 1964, he filed his petition for relief under Criminal Procedure Rule I, F.S.A. ch. 924 Appendix. This petition was denied in the trial court without formal hearing.
The petition in substance alleges three grounds for relief: (A) petitioner was arrested without warrant, held and interrogated four days before being charged; (B) petitioner was not indicted by a grand jury in contravention of the Fifth Amendment of the Constitution of the United States which provides that "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury * * *."; (C) petitioner was not properly represented by his court-appointed counsel and therefore did not receive a fair trial.
As to ground (A) there is no showing in the petition or in the record that petitioner's arrest or detention before being charged resulted in the petitioner being denied a fair trial. The trial judge correctly ruled that it was not a ground for relief under Rule I. Marti v. State, Fla.App. 1964, 163 So.2d 506.
As to ground (B) the trial judge correctly ruled that petitioner was not deprived of a constitutional right because he was tried without having been indicted by a grand jury. Sawyer v. State, 1927, 94 Fla. 60, 113 So. 736; Davis v. State, Fla.App. 1964, 166 So.2d 189.
Petitioner's ground (C) must be considered in more detail because it is not a bare allegation but is supported by his further allegation that his court-appointed counsel refused to discuss the trial with him after the verdict. It may therefore be inferred that the petitioner wished to either move for a new trial or to appeal certain rulings of law made by the trial court. We hold that the allegations under this ground are sufficient to entitle the petitioner to a hearing on this ground of his petition. Cf. Gillyard v. State, Fla.App. 1965, 175 So.2d 798. [opinion filed 4/6/65].
We carefully note that we are dealing here only with the allegations, and that this reversal is solely for the purpose of directing the trial court to conduct the hearing to which petitioner is entitled when he states legally sufficient grounds in his petition. State v. Weeks, Fla. 1964, 166 So.2d 892; Simpson v. State, Fla.App. 1964, 164 So.2d 224.
Reversed with directions for a hearing on that portion of the petition designated. See Gillyard v. State, supra.
Reversed.