PER CURIAM.
This is an appeal to review an order of the Circuit Court in and for Alachua County, Florida, denying appellant’s “Amended Motion to Vacate Sentence, Judgment and Indictment.” It appears from the order that the lower court has on two prior occasions denied “motions of similar tenor and effect,” and it recites that no new matter of-substance was presented by the instant motion.
Said order was entered October 19, 1965. The notice of appeal was filed on November 12, 1965. On November 16, 1965, a judge of the trial court addressed a letter *654 to the appellant advising that the clerk of said court had brought said notice of appeal to his attention, that he did not consider the order appealable, and that he was instructing said clerk to send the notice of appeal to this court but to do nothing further unless ordered by this court. In light of that letter, appellant has filed in this court a pleading entitled “Motion for Enforcement of Duties,” to which is attached purported copies of his assignments of error and his directions to the clerk and reporter on this appeal, praying that this court will:
“order or direct the trial court to furnish such directions as pertaining to this appeal so as appellants alegations may be shown by this record of the court to be just alegations true in every respect, and truly founded ale-gations and not fiverusley alegations. [Sic]”
We glean from the sparse record that on some unspecified date appellant was indicted upon a charge of murder in the first degree and was tried and convicted of that or some lesser charge included in the indictment, and was adjudged guilty and sentenced to imprisonment in the state penitentiary where he is now incarcerated. The motion under consideration does not challenge the accuracy of the facts stated in the order appealed. The record does not contain copies of the first two motions under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix and does not indicate whether either of the prior orders denying same was appealed and, if appealed, the disposition made on the appeal. In short, the showing made by the instant motion and the relief sought thereby is so vague, indefinite and uncertain that this court cannot intelligently pass thereon or take objective action without adopting an attitude of advocacy. This we should not and cannot do.
There inevitably comes a time when even the wheels of the gods must definitely come to a halt, despite the inclination of some of the gods to continue their divinations ad infinitum ad nauseam. Even those who look down from Olympus are circumscribed by the fact that — no fooling! — there is a point in the affairs of state, whether dealing with the legislative, executive or judicial branch, where the beast of burden, the law-abiding taxpayer, becomes entitled to some respite from the inordinate expense of repeated and unfounded assaults upon the finalized acts of the society under which we exist. In this process the scales of justice must come to balance between the extremes of “eye for an eye” justice and “turn the other cheek” justice so as to reach “ordinary” justice. Even baseball has a three-strikes-and-out rule.
The letter of the circuit judge to the appellant is of course extra-judicial. The appellant having established himself as an insolvent person is entitled to every benefit accorded by law to one such; and within the bounds of pleading and practice, to the protection of every right afforded by constitutional, statutory and de-cisional law. His minimum contribution when making a collateral attack under Criminal Procedure Rule No. 1 upon a judgment of conviction is to furnish a statement of facts showing an entitlement to whatever relief he seeks. The ability to do so is admittedly more difficult for some persons than others, due to educational and other limitations. That disparity, however, existed between Cain and Abel, and all the intervening tomes and disputations, of clerics, scientists and philosophers have not operated to erase it and, for some-while, will not.
Mankind’s built-in barriers to perfection make it imperative for the social order to-reach an accord in reliance on the hoped-for goal of intransigent goodness and ethics and morality of man to man in dealing with those who violate tenets of behavior; imperative for those who are caught up in. the web of retribution for ' lawlessness to-recognize that the penalty will be exacted either here or perhaps hereafter. Who-can say which is more fortunate, he who. *655 pays the debt on earth or he who defers it to the fancy of the masters of purgatory or hell?
The motion for extraordinary relief is denied.
WIGGINTON, Acting C. J., and STUR-GIS, J., concur.
CARROLL, DONALD K., J., concurs in judgment.