ALLEN, Chief Judge
Johnny Bell Irving takes a timely appeal from a denial of his Criminal Procedure Rule No. 1 petition. F.S.A. ch. 924 Appendix.
Appellant pleaded not guilty, was tried by jury, adjudged guilty and convicted of assault with intent to commit murder in the second degree.
Appellant sought relief in the trial court by way of a Criminal Procedure Rule No. 1 petition. The petition was denied below and appellant has preserved two points for our review.
Appellant first alleges that he was held incommunicado for three months before being taken before a justice of the peace and subjected to illegal questioning in the absence of an attorney. Appellant pleaded not guilty and has not demonstrated how he was prejudiced at trial by being held incommunicado and subjected without counsel to illegal questioning. This allegation must therefore fail as a matter of law. See: Coffee v. State, Fla.App.1966, 182 So.2d 653; and Savage v. State, Fla.App.1963, 156 So.2d 566.
Secondly, appellant alleges that the trial court was without jurisdiction to proceed against petitioner on the charge of assault with intent to commit murder in the first degree without an indictment or a presentment by a grand jury. This allegation is similarly without legal merit because assault with intent to commit murder in the first degree carries a maximum penalty of 20 years, Section 784.06, Fla. Stats., F.S.A., and is therefore a noncapital felony properly indictable by information. Henderson v. State, Fla.App.1965, 174 So.2d 73; Owens v. State, Fla.1952, 61 So.2d *53 412; 17 Fla.Jur., Indictments and Informations § 4 (1958). See also: Sawyer v. State, 1927, 94 Fla. 60, 113 So. 736; and Koch v. Zuieback, 316 F.2d 1 (9th Cir. 1963).
Affirmed.
.HOBSON and PIERCE, JJ., concur.