CHARLES CARROLL, Chief Judge.
On a trial without a jury, in the criminal court of record of Dade County, the appellant was convicted and adjudged guilty of unlawful possession of barbituates and was placed on probation.
The question presented on his appeal is whether the trial court erred in denying his motion to suppress evidence which it was contended was the fruit of an unlawful search. We hold that in so ruling the trial court was not in error.
The appellant was observed by a Miami Beach policeman to be speeding and driving in an erratic manner. He was pursued or followed by the policeman for some blocks to a location where he parked. When he got out of his automobile at the request of the police officer he was observed by the latter to appear to be under the influence of liquor, and was arrested for reckless driving and driving while under the influence of intoxicating liquor.
Upon his arrest the appellant informed the police there was $1,200 in cash in his ■ automobile, that he was not going to tell them where it was, stating that it was now the concern of the police and that they “could find it if they wanted to,” but at the same time boasting that they would not be able to find the money.
A search of the automobile by the police failed to disclose money which the appellant had said was hidden therein, but a brief case was found in the trunk of the car. The brief case was taken by the arresting officer to the police station, where it was opened and found to contain the phenobarbital which later became the disputed evidence in this case.
When the appellant informed the police officer that his automobile, which was to be impounded, contained $1,200 in cash, it was a normal and prudent action on the part of the police to search the automobile in order to protect the city as well as the arrested party from the effect, of possible loss of the money, if in fact it was in his automobile. Discovery of the barbituates was the result of their search for the money, which the state contends, and we *634 agree, was invited, impliedly if not expressly, by the statements made by the appellant when arrested. See Jackson v. State, Fla.1961, 132 So.2d 596; Yant v. State, Fla.App.1963, 154 So.2d 908; Bretti v. State, Fla.App.1966, 192 So.2d 6.
On the facts of this case we conclude, as did the able trial judge, that the search was not unreasonable.
Affirmed.