222 So.2d 431 (1969)
Raymond L. RHOME, Appellant,
v.
The STATE of Florida, Appellee.
No. 68-773.
District Court of Appeal of Florida. Third District.
May 6, 1969.
Rehearing Denied May 27, 1969.
*432 Myron M. Gold, Miami, for appellant.
Earl Faircloth, Atty. Gen., and Jesse J. McCrary, Jr., Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and SWANN, JJ.
HENDRY, Judge.
The appellant was tried before a jury, found guilty, and adjudicated guilty by the court of the crime of rape. By this appeal, he seeks review of five issues of law presented by the facts in his case.
The first of these points arose on the following facts: (a) the police detective who first investigated the rape, stated to the defendant that if the defendant were to cooperate with him and try to help him to find certain equipment or property that was purportedly taken from the victim, it would probably help the defendant; (b) later, at the police station, the defendant was interrogated by another police officer, who proceeded with the interrogation in an entirely proper manner, relying on the constitutional warnings contained in his "Miranda card"; (c) at trial, the court excluded all statements given to the first police officer which were made in response to the promise; (d) however, the court did admit into evidence all statements and confessions given to the second interrogating police officer after the Miranda warnings had been given. It is the appellant's contention that the initial promise made by the first investigating officer served to taint all subsequent statements and confessions made by the appellant. We cannot agree with this argument because the record shows that the second confession was freely and voluntarily given. Moreover, the second interrogating police officer never learned of the promises made by the first interrogating officer until the trial itself. The principle announced in the case of State v. Outten, Fla. 1968, 206 So.2d 392, controls our decision in this area. There, the Supreme Court, in quashing a decision of one of the district courts of appeal, held:
"In striking down the second confession, the District Court relied on cases holding that if a first confession is the product of physical or mental coercion, then a subsequent confession will also be inadmissible unless it is shown that the coercive influences have been removed. [Citing cases.]
"The common thread running through these decisions, cited by the District *433 Court, is the all pervading effect of coercion, either physical or psychological. The basic rationale of each case simply is that the effect of coercive influences, present at an initial confession, will presumptively continue unless clearly shown to have been removed prior to a subsequent confession. To have this contaminating effect, the first confession must be the product of an overbearing physical or mental pressure. Even then, a second confession will be admissible if it can be clearly demonstrated that the coercive pressures have terminated and freedom of will has been restored."
The appellant's second point argues that the trial court erred by admitting into evidence certain items which the appellant contends were taken pursuant to an illegal search and seizure. However, the record on appeal demonstrates that the owner of the house searched, the appellant's mother, knowingly and voluntarily gave her permission to police officers to conduct the search. Moreover, even in the event that conflict of the evidence existed as to whether or not consent was given to the search, if there is sufficient evidence to support the ruling of the trial court on this point, we will not reverse its holding. Cacciatore v. State, Fla.App. 1966, 186 So.2d 32.
As a third point on appeal, the appellant urges that the trial court erred in denying a mistrial after the following events transpired: (a) one of the testifying police officers made reference to the defendant's arrest slips; (b) a statement was made at trial by one of the testifying police officers that "we did patrol the area  there were some other circumstances involving the defendant, Mr. Rhome ". With regard to the first incident described above, the record demonstrates that the testimony about "arrest slips" arose in such a way as to not prejudice the appellant. With regard to the remark contained in the police officer's testimony, as to "other circumstances", supra, the court instructed the jury to disregard, and we feel that under these circumstances, the curative instruction was sufficient. Perry v. State, 146 Fla. 187, 200 So. 525. For the foregoing reasons, we cannot accept the appellant's third point on appeal.
As his fourth ground for review, the appellant contends that the trial court erred when it admitted into evidence fingerprints taken from him at a time while he was a minor, and therefore under the jurisdiction of the Juvenile Court. This point is without merit, because the appellant was actually under the jurisdiction of the circuit court as provided by the statute which controlled that court's jurisdiction at the time, § 39.02(6) Fla. Stat., F.S.A.
As his final point on appeal, the appellant argues that the trial court committed reversible error when it denied his motion to strike or forbid testimony of one of the state's witnesses. This argument is predicated on the fact that said witness' correct address did not appear on the initial list of witnesses filed by the state, or on an additional list which later supplemented the first such list. Without that information, the appellant was unable to reach the witness prior to trial and therefore objected to his testimony there. However, this point is governed by two basic principles, i.e., whether the state can be shown to have acted in bad faith in supplying the defendant with improper information; and whether the trial court abused its discretion when it ruled on the appellant's motion to strike the testimony. Section 906.29 Fla. Stat., F.S.A. states as follows:
"It shall not be necessary to indorse on any indictment or information the names of the witnesses on whose evidence the same is based, but upon motion of defendant, the court shall order the prosecuting attorney to furnish the names of such witnesses."
Once that statute has been complied with, it was within the trial court's discretion to *434 allow an additional witness who had not been endorsed by name on the information or indictment, or whose name had not been supplied to the defendant, to testify. Douglas v. State, Fla.App. 1968, 206 So.2d 665; State v. Shouse, Fla.App. 1965, 177 So.2d 724. Neither bad faith nor abuse of discretion has been demonstrated by the appellant. Therefore, as to this point, the denial of the appellant's motion to suppress or strike the testimony was proper.
Based on the foregoing authority, and for the reasons stated, the judgment and sentence are hereby affirmed.
Affirmed.