SWANN, Judge.
Appellant, Samuel H. Yant, appeals from a denial of his third Fla.R.Crim.Pro. 1.850, 33 F.S.A. motion, which motion was denied after a full evidentiary hearing with court appointed counsel.
In 1962 Yant was convicted of robbery and given a fifteen year sentence. This conviction was affirmed on appeal. Yant v. State, Fla.App.1963, 154 So.2d 908.
In 1963 Yant and a co-defendant, Nathaniel Henderson, were convicted of a second robbery. No appeal was originally taken by Yant from the 1963 conviction, but this court, on an appeal by Henderson, ordered that Henderson be given a Rule 1.-850 “delayed appeal” because his right to appellate review of the 1963 conviction was alleged to and may have been “thwarted.” Henderson v. State, Fla.App.1965, 174 So. 2d 73.
Under these circumstances, Yant then filed a Rule 1.850 “delayed motion for new *377 trial” and an appeal from a denial of that motion was taken in order to give him a full appellate review of the 1963 conviction. The conviction was affirmed. Yant v. State, Fla.App.1966, 192 So.2d 297. In his motion filed below and on this appeal, Yant has only attacked the validity of his 1963 conviction.
The public defender has previously moved to withdraw from this appeal and submitted a memorandum brief in support of his motion. This court, applying the principles set forth in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), gave Yant thirty (30) days to reply to the memorandum brief. He replied by stating the memorandum brief did not accurately portray the “facts” of his case and requested additional time to file a “statement of facts.” We then granted the public defender’s motion to withdraw and granted Yant forty-five (45) additional days to file his “statement of facts.” Yant replied by filing a full brief and we proceed to consider the arguments raised by Yant and in the memorandum brief for reversal.
We first note that Yant was partially correct in stating that the memorandum brief did not accurately portray the facts of “his” case. Apparently the public defender inadvertently set forth the facts of Yant’s 1962 conviction, which is not herein attacked. Yant has, in his brief, filed a statement of the facts upon which he relies for reversal, however.
Yant first argues that the frustration of his original direct appeal from the 1963 conviction ipso facto entitles him to a new trial since he could not obtain effective relief on a Rule 1.850 “delayed appeal” granted to him in 1966. This point is without merit since this procedure has already been held to be “an effective post-conviction remedy which may be used for full review of claimed errors in cases where a defendant has been unconstitutionally denied his right to appeal.” Wainwright to Simpson, 360 F.2d 307, 310 (5th Cir.1966). In addition, it appears he has been given a full, although delayed, appeal.
The main thrust of his remaining arguments is that he was convicted through the knowing use of perjured testimony. It is apparent from the “facts” alleged by Yant to be perjury that he is pointing to inconsistencies in the trial testimony of certain witnesses, and claiming that this amounts to knowing use of perjured testimony. These inconsistencies were readily apparent and fully known to the trier of fact. They do not compel reversal. Austin v. State, Fla.App.1964, 160 So.2d 730, 732. Accord, Jackson v. United States, 258 F.Supp. 175 (N.D.Tex.1966), aff’d. 384 F.2d 375 (5th Cir.1967).
Aside from the deficiencies of these allegations on their merits it also affirmatively appears that these same inconsistencies were urged as grounds for reversal by Yant’s counsel on his 1966 delayed direct appeal. Yant v. State, Fla.App.1966, 192 So.2d 297, Brief of Appellant at pg. 15. Thus, res judicata prevents a relitigation of these same issues on a collateral attack. Baxley v. State, Fla.App.1966, 192 So.2d 510.
We also note that this is appellant’s third successive Rule 1.850 motion and he was present with counsel and sworn at the evidentiary hearing below, although he did not testify. While some people may consider “the preparation of these endless petitions within the prisons [as] a useful form of therapy.” Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718, 728 (1969) (Douglas, J. concurring), we would note that “Even baseball has a three-strikes-and-out rule.” Coffee v. State, Fla.App.1966, 182 So.2d 653, 654. The order herein appealed be and the same hereby is
Affirmed.