226 So.2d 337 (1969)
Willie Samuel RIVERS, Appellant,
v.
STATE of Florida, Appellee.
No. 37356.
Supreme Court of Florida.
September 10, 1969.
Rehearing Denied October 27, 1969.
R.A. Green, Jr., Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
*338 BOYD, Justice.
Appellant was indicted for murder in the first degree in the death of Carol Persons. He was tried and convicted of murder in the first degree without recommendation of mercy and sentenced to death.
The body of a young woman was recovered from a shallow grave in the Southeast section of Gainesville, Florida, on September 10, 1967. The day before, appellant, when questioned about the disappearance of Carol Persons, confessed and directed officers to the grave site. The cadaver was subsequently identified as that of Carol Persons, a student at the University of Florida, who was last seen alive on July 27, 1967. She died as a result of a .32 caliber gunshot wound in the head. The pistol which fired the fatal shot, the victim's watch and keys were recovered from the appellant's place of residence.
Appellant gave oral and written statements admitting that he saw the victim return and get in her car in the parking lot of a shopping center; that he approached, put his pistol on her and got into the car; that he forced the victim at gunpoint to drive to a deserted spot where he ordered her out of the car, asked for money and forced her to write him a check; made her take off her clothes, indicating he was going to rape her; that the victim started screaming and running and he shot her in the back of the head; that when he realized she was dead, he went home, got a shovel and buried her; that he then returned her car to the shopping center parking lot.
Nine points are raised on appeal to this Court. Appellant does not question the sufficiency of the evidence to support his conviction, but we have nonetheless reviewed the record to determine whether the interests of justice require a new trial. Fla. Stat. § 924.32(2), F.S.A.
Appellant contends that the trial court erred in admitting his oral and written confessions into evidence. Appellant's oral confession was given on September 9, 1967. He alleges that he could not intelligently waive the right to counsel and make a statement on that date because he was upset since he had just been advised that his mother had been to see him, but was turned away.
The trial court correctly concluded that any stress appellant may have been under prior to this statement did not render him incapable of waiving counsel or making a voluntary statement. On September 15, 1967, appellant was again advised of his rights and dictated a written confession, which he read over and signed the following day. The record abundantly establishes that appellant's confessions were voluntary.
Since the confessions were voluntary and admissible, evidence obtained as a result thereof was likewise properly admitted.
The trial court also correctly denied appellant's motion to suppress certain evidence taken from the room where appellant slept in his Grandfather's house. Appellant's Grandfather signed a waiver of consent and allowed the officers to search the room. The evidence established that although appellant customarily slept in that room, it was not exclusively his and that other members of the family had free use of the room. Tomlinson v. State, 129 Fla. 658, 176 So. 543 (1937); Myrick v. State, 177 So.2d 845 (Fla.App. 1st 1965).
Appellant contends that the Court erred in sentencing him to death in the electric chair because such a penalty constitutes cruel and unusual punishment prohibited by the Eighth Amendment to the United States Constitution. No authority is cited in support of this contention. The Fifth Amendment to the United States Constitution acknowledges that life may be taken so long as it is done with due process.
Appellant contends that reversible error was committed when Sheriff White identified appellant as the person he arrested *339 in Georgia for shooting a rural mail carrier. The statement was volunteered by the witness in explanation of the circumstances under which he first saw appellant. Prior to this testimony a number of witnesses had testified without objection that they had to go to Georgia to interview appellant while he was in jail there. When appellant's counsel objected to Sheriff White's statement, the trial court instructed the jury not to consider it and further stated:
"I want to emphasize to you that this defendant is on trial for the charge that has been presented against him in this county. You are concerned only with that charge. You shall remove that statement from your consideration and it is not any evidence whatsoever concerning the charges that are being brought in this county."
Subsequently, appellant's motion for mistrial was argued out of the presence of the jury and denied, the Court stating:
"As I recall, during the voir dire examination of the jury when Mr. Kennard was tendered as a prospective juror he was examined extensively by defense counsel relative to an incident in Georgia relating to a postal carrier. The Court feels that under the circumstances that the statement of the witness is not such as to warrant a mistrial and the Court further feels that the instruction given the jury was adequate to overcome any possible prejudicial effect that such testimony would have upon the verdict of the jury. I do not want the State to proceed into any of the facts relative to the Georgia occurrence unless the legality of the arrest is raised by the defendant."
The fact of appellant's arrest and detention by Georgia law enforcement officers was inexorably involved in the trial below. Through the efforts of a capable trial judge and counsel no harmful error resulted.
The State Attorney and Assistant State Attorney were permitted to read appellant's confession to the jury in question and answer form. Appellant contends that this form of presentation of the confession infringed his right against self-incrimination. There is no authority for this contention. Appellant also contends that the State Attorney "embelished (sic) the document with gestures, inflections * * * and mannerisms," but no objections were made on that ground at the time the confession was read. The record does not reveal any error on this point.
Appellant contends that the reading of his statement by State Attorney Duncan constituted a comment on appellant's failure to testify in his own behalf. Appellant particularly points to the following colloquy:
"Mr. Green: I further object to Mr. Duncan taking a seat in the witness chair and reading the statement in that manner.
"Mr. Duncan: Where would you prefer I stand?
"Mr. Green: Certainly not in the witness box, because you're not a witness in this case.
"Mr. Duncan: Would you prefer I sit by you?
"Mr. Green: No, sir."
Thereafter, Mr. Duncan left the witness chair. The record does not show where he stood or sat during the reading of appellant's statement. We are unable to perceive that the foregoing constituted a comment on appellant's failure to testify.
A witness for the prosecution, Mrs. Carl Bussard, identified appellant as the same man who jumped into her car while she was stopped for a traffic light on University Avenue, pulled out a gun and directed her to drive. He fled when she pulled into a gas station. The incident occurred on July 29, 1967, two days after the murder of Carol Persons. On cross-examination, Mrs. Bussard testified that she was unable to identify appellant in photographs shown her at the police station, in lineups, or in the newspaper pictures; that *340 it was only after watching him during the trial that she was sure he was her assailant. Appellant moved to strike her testimony on the grounds that the identification was made under "highly suggestive circumstances." The motion was denied and properly so. Mrs. Bussard was resolute in her identification of appellant and the gun he held on her. The weight and credibility of her testimony was for the jury to determine.
Appellant also objects to the prosecution's closing argument on the ground that it was unduly inflammatory. It would be difficult for a prosecutor to comment on a crime as gruesome and senseless as this in a manner acceptable to the appellant. We find that the prosecutor's comments did not exceed permissible bounds.
Accordingly, the judgment of the lower court is affirmed.
It is so ordered.
ERVIN, C.J., ROBERTS, DREW, and CARLTON, JJ., SPECTOR, District Court Judge, and CULVER SMITH, Circuit Judge, concur.