PER CURIAM.
The appellant and Herman George Sy-monette were charged by information with (1) possession of a narcotic (heroin), (2) selling, and (3) conspiring to sell the same.
Shortly before the commencement of the trial, Symonette pleaded guilty and was so adjudged. When he was offered as a witness by the state, at the jury trial of the *229 appellant, the latter objected on the ground that Symonette’s name had not been supplied by the state as a proposed witness. The objection was overruled. Symonette testified. Miranda was convicted on all three counts. On this appeal therefrom he contends the court erred in permitting the testimony of Symonette as a witness on behalf of the state, and challenges the sufficiency of the evidence.
We have considered these contentions of the appellant in the light of the record and briefs and find them to be without merit. Section 906.29 Fla.Stat., F.S.A., provides: “It shall not be necessary to indorse in any indictment or information the names of the witnesses on whose evidence the same is based, but upon motion of the defendant, the court shall order the prosecuting attorney to furnish the names of such witnesses.”
At the time the state was called upon to furnish the names of such witnesses, Sy-monette was not, as referred to in the above quoted section of the statute, a witness on whose evidence the information was based, but he was then one of the, accused against whom the information had been filed. His availability as a witness at the time of trial resulted from the fact he had pleaded guilty after the listing of witnesses by the state, and shortly prior to the time for trial. Since an effective plea of guilty by an accused necessarily represents his free and voluntary choice, there is no basis to charge the state with bad faith in connection with the witness becoming available to testify on behalf of the state by reason of his guilty plea. In the circumstances presented, it was within the discretion of the court to permit the state to present that witness.
In Rhome v. State, Fla.App.1969, 222 So.2d 431, 433-434, this court said: “Once that statute [§ 906.29] has been complied with, it was within the trial court’s discretion to allow an additional witness who had not been endorsed by name on the information or indictment or whose name had not been supplied to the defendant, to testify, (citing cases) Neither bad faith nor abuse of discretion has been demonstrated by the appellant.”
As a further ground in support of his contention that the court erred in permitting the witness Symonette to testify, the appellant argues that even if the witness was not required by law to be rejected where not previously listed, it was an abuse of discretion to accept his testimony because counsel for the defendant Miranda was deprived of opportunity to depose or interview the witness Symonette prior to his testimony. We find no merit in that contention. The record discloses that as early as the morning on which the trial was commenced, it was known to the attorney for the defendant Miranda that Symo-nette had pleaded guilty and was to be produced as a witness for the state. Also, it was disclosed that Symonette was not called to the stand until after 10:00 o’clock on the morning of the second day of the trial. Inasmuch as both Miranda and Sy-monette had been charged with participation in the transactions which were the subject matter of the trial, Miranda’s counsel was in a position to anticipate generally the nature of the testimony which Symo-nette was in a position to give, and therefore the failure to have sufficient time to take Symonette’s deposition prior to trial was not fatal, particularly when there was ample time in which Miranda’s counsel could have interviewed Symonette prior to the latter’s testimony. We hold, therefore, that the action of the trial court in overruling objection to testimony by Symonette was reasonable and proper, and did not represent an abuse of discretion.
On the second question raised by the appellant, relating to the sufficiency of the evidence, a review of the record reveals that the conviction was supported by competent substantial evidence, giving due consideration to the quantum of proof re *230 quired in such case. Even aside from the testimony of Symonette, we are not persuaded that the evidence otherwise presented was not sufficient to sustain the conviction.
Affirmed.