PIERCE, Chief Judge.
Appellant Ronald Cornelius Johnson was tried and convicted in the Criminal Court of Record for Hillsborough County of the offense of breaking and entering with intent to commit a misdemeanor to-wit: petit larceny, and was thereupon sentenced to serve a term in the State Prison. He has *296 appealed the judgment and sentence to this Court. The local Public Defender, appointed to represent Johnson on this appeal, filed brief in this Court in his behalf.
After reviewing the facts contained in the record, the Public Defender says in the brief that “it is impossible to argue that the evidence was insufficient or argue any error made by the Court which could be considered prejudicial” and that for such reason, he “would request that he be allowed to withdraw as attorney for Appellant herein, and would cite as authority therefor the case of Anders v. California, 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493].”
The Public Defender has served a copy of his said brief upon appellant Johnson, and on January 14, 1972, this Court entered order giving Johnson thirty days therefrom to file any additional brief, if he desired so to do, “calling the Court’s attention to any matters that he feels should be considered in connection with the appeal in this cause.”
On February 1, 1972, This Court received a letter from Johnson, which we will recognize as such a supplemental brief. Therein he calls attention to only one matter which he desires this Court to consider on the appeal. He states that at his preliminary hearing a State witness was asked if she could make a positive identification of the person or persons leaving the scene of the crime and that she answered “that she could not and would not swear to a positive identification because she wasn’t sure. But she did say that I looked like him.” Johnson admits in the letter that at the trial of the cause on the merits the witness in question “did say under oath that I was the individual she saw leaving the scene of the crime,” commenting that because thereof the witness “did in fact commit perjury when she changed her testimony. And this alone should be grounds enough to base an appeal upon and get it.”
At the trial Cassie Warren, who was the witness referred to in the “supplemental brief,” testified that she was in her home about one o’clock in the early afternoon when someone gave the alarm that “Mrs Ham’s house across the street was being robbed,” whereupon Cassie went down and stood on the corner waiting for the police who had been called to the scene; while there two men, one tall and one short, came out of “Mrs. Ham’s house and began running down the street, the tall one in front and the short man behind holding a television; that a short distance away the short man, whom she positively identified as being appellant Johnson, “tripped and dropped the television. And when he got up ... he looked me right in the face.” Her identification was unequivocal.
On cross examination the witness was asked about her testimony at the preliminary hearing. She admitted testifying at that time that “I can’t swear it was him but he looks like the guy . . . He only looked back a minute . . . when he fell . and I saw his face.” Further she stated that at the preliminary hearing she positively identified Johnson as being the short man who fell, dropping the television set, and then looking straight at her.
So the facts as to her identification of Johnson were all before the jury, which was the sole arbiter of what the truth of the charge was, one of which issues was identification of the defendant. Other witnesses who testified bolstered the identification of Johnson. We repeat that it was for the jury to determine the facts in the light of all the evidence; and by their verdict they have done just that — adverse to Johnson.
No other matters being urged as ground for reversal, the judgment appealed is — ■
Affirmed.
LILES and McNULTY, JJ., concur.