351 So.2d 764 (1977)
Nathaniel FLOWERS, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-995.
District Court of Appeal of Florida, Third District.
November 15, 1977.
*765 Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Margarita G. Esquiroz, Asst. Atty. Gen., for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Nathaniel Flowers was charged by information with burglary of a dwelling and grand larceny. At trial, a jury found Flowers guilty on the charge of burglary, and not guilty on the charge of grand larceny. Following a presentence investigation, the trial court adjudicated Flowers guilty of burglary and sentenced him to fifteen years in the state penitentiary. On this appeal, Flowers contends that an answer given by a state witness suggested that he (Flowers) had prior criminal entanglements, and that the court erred in denying defense counsel's motion for a mistrial on those grounds. We do not agree.
The record reflects that on defense counsel's cross examination of a state witness, extensive inquiry was made into the matter of who first identified the defendant while the witness and a police officer were searching for him in the officer's car. In attempting to ascertain from the witness whether he identified the defendant before or after the officer brought him (the defendant) back to the car, defense counsel read into the record a portion of the witness' testimony given in a pretrial deposition:
"Q Page 17.
`Q While you were sitting in the car you said something to the police officer, is that right? You said that's the fellow, whatever.'
And you said, `I don't know whether I said anything or not. It wasn't necessary. He evidently knew him because the minute he saw him he stopped the car, got out and put him under arrest.'" (emphasis added)
On redirect examination of that witness by the prosecutor, the following colloquy took place:

*766 "Q ... when you were riding around with the officer and you saw the defendant, who said something first, you or the officer; if you recall?
A That I'm not sure about, because the officer evidently recognized the man from probably previous things." (emphasis added)
Defense counsel objected and moved for a mistrial. The objection was sustained, but the motion for mistrial was denied. The jury was instructed to "disregard the last statement."
In our opinion, the question of who said something first was proper on redirect examination as it related directly to questions asked on cross examination, and tended to qualify, limit or explain testimony elicited on cross examination. See Hinton v. State, 347 So.2d 1079 (Fla.3d DCA 1977). As a general rule, a motion for mistrial should be granted during a criminal trial with great care and caution, and only where there is an absolute legal necessity. Lawson v. State, 304 So.2d 522, 524 (Fla.3d DCA 1974); Johnsen v. State, 332 So.2d 69, 71 (Fla. 1976). The response, "the officer evidently recognized the man from probably previous things," was an unsolicited volunteered response. In the context of the record before us in this case, taking into consideration the court's curative instruction to the jury, we find no error in the failure to grant the motion for mistrial. See Rhome v. State, 222 So.2d 431 (Fla.3d DCA 1969); Rivers v. State, 226 So.2d 337 (Fla. 1969).
The other point raised by the defendant is without merit and will not be discussed.
Affirmed.